EVALYN A. STUMP, as Administratrix of the Estate of
   IRWIN C. STUMP, Deceased, Appellant, *v.* WILLIAM
   BURNS, Respondent.

Negligence — action to recover for death of plaintiff's intestate
caused by falling down elevator shaft — erroneous dismissal of
complaint — facts examined, and held, that case should have
been submitted to a jury.

1. In an action to recover damages for a death negligently caused,
the relevant conditions and circumstances surrounding and relating
to the occurrence may be submitted to the jury, in the absence of
direct proof, in order that the jury may determine the inference, if
any, which they create.

2. Plaintiff's intestate, who lived in an apartment house owned by
defendant, entered the hall in the afternoon of a day in October
and walked to the elevator which was eighteen feet from the hall
door. The light in the hall was the daylight through the glass of
the door at the entrance. The floor of the elevator when not in use,
as was known to the janitor, customarily stood with its floor level
with that of the hall, with its door open, and the operator visible
in the hall, from which he usually followed the passenger into the
elevator. On this occasion the elevator boy was not visible and the
janitor stood in the extreme left side of the open door, holding
on the iron work of the shaft with his left hand and with his right
hand reaching upward to replace a cable on a pulley, Plaintiff's
intestate stepped through the open door, between its right side and
the janitor, and fell down the shaft, suffering injuries from which he
died. *Held,* that it was error to dismiss the complaint; that plaintiff
was entitled to go to the jury upon the issue of the defendant's
negligence, and also upon the question of the freedom of the intes-
tate from contributory negligence.

*Stump* v. *Burns,* 165 App. Div. 978, reversed.

(Argued October 27, 1916; decided November 21, 1916.)

APPEAL from a judgment, entered January 7, 1915,
upon an order of the Appellate Division of the Supreme
Court in the first judicial department, overruling plain-
tiff's exceptions, ordered to be heard in the first instance

by the Appellate Division, denying a motion for a new trial and directing a dismissal of the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Clifton P. Williamson* for appellant. There was abundant affirmative proof of the negligence of the defendant. (*Tousey* v. *Roberts,* 114 N. Y. 312; *McRickard* v. *Flint,* 114 N. Y. 222; *Gray* v. *Siegel Cooper Co.,* 187 N. Y. 377; *Wilcox* v. *City of Rochester,* 190 N. Y. 137; *Sackheim* v. *Pigueron,* 215 N. Y. 62; *Simmons* v. *Peters,* 85 Hun, 93; *Joliffe* v. *Miller,* 126 App. Div. 763; *Hillyer* v. *Laight Street Stores Co.,* 133 App. Div. 125; *Cohn* v. *Ansonia Realty Co.,* 162 App. Div. 791.) Negligence of the defendant having been shown as the cause of the injuries and death, the claim of contributory negligence was a defense to be pleaded and proved by defendant, and plaintiff was not bound to show in the first instance that the decedent was free from contributory negligence. (*Sackheim* v. *Pigueron,* 215 N. Y. 62.) Even if the burden of showing that the decedent was not guilty of negligence contributing to his injuries and death had been with the plaintiff, there was sufficient evidence to require the submission of this issue to the jury. (*McDonald* v. *Met. St. R. Co.,* 167 N. Y. 66; *Galvin* v. *Mayor, etc.,* 112 N. Y. 223, 228; *Smith* v. *N. Y. C. & H. R. R. R. Co.,* 177 N. Y. 224; *Kraus* v. *Birnbaum,* 200 N. Y. 130; *Lalor* v. *City of New York,* 208 N. Y. 431; *Cardell* v. *N. Y. C. & H. R. R. R. Co.,* 75 N. Y. 330; *Wendell* v. *N. Y. C. & H. R. R. R. Co.,* 91 N. Y. 420; *Riseman* v. *Havemeyer,* 84 N. Y. 647; *Baxter* v. *Auburn & Syracuse El. R. R. Co.,* 190 N. Y. 439; *Irish* v. *Union Bag & Paper Co.,* 103 App. Div. 45; 183 N. Y. 508; *Palmer* v. *N. Y. C. & H. R. R. R. Co.,* 112 N. Y. 234.)

*John Vernou Bouvier, Jr.,* and *Edward F. Lindsay* for respondent. The evidence introduced by the plaintiff

upon the trial of the action failed to establish any negligence on the part of this defendant. (*Paul* v. *Con. F. W. Co.*, 133 App. Div. 314.) The evidence introduced upon the trial of the action affirmatively established contributory negligence on the part of the deceased and the dismissal of the complaint was, therefore, proper. (*Sackheim* v. *Pigueron*, 215 N. Y. 62; *Diepoldt* v. *N. Y. Baking Co.*, 72 Hun, 403; *Hickey* v. *Taaffe*, 105 N. Y. 26; *Williams* v. *D., L. & W. R. R. Co.*, 116 N. Y. 628; *Fink* v. *H. B. Candy Co.*, 112 App. Div. 387.)

COLLIN, J. The plaintiff seeks to recover, under the statute (Code of Civil Procedure, section 1902), the damages for a neglect of the defendant through which her intestate was killed. The trial court, at the close of plaintiff's case, dismissed the complaint upon the familiar grounds that the plaintiff failed to prove that the defendant was guilty of negligence and that the intestate was free from contributory negligence, and ordered that the exceptions be heard in the first instance by the Appellate Division. The Appellate Division overruled the exceptions by a decision not unanimous.

The cardinal facts are: The intestate, about four o'clock in the afternoon of October 29, 1912, entered from the street the hall of an apartment house of the defendant in which intestate and his wife had lived as tenants for seven years, and walked to the entrance to the elevator in order that he might be taken to their apartment on the sixth floor. The door in the wall of the elevator shaft through which the elevator was reached was open. The intestate passed through it and fell to the bottom of the shaft. The injuries he thus received caused his death. The distance from the street entrance to that of the shaft was eighteen feet. The light in the hall was the daylight which came through the glass of the door at the hall entrance. Customarily, as the janitor of the house knew, the elevator, when not in use, stood with its floor

level with that of the hall, the door stood open, the boy operating the elevator was visible in the hall and followed the passenger into the elevator. On the occasion in question the elevator boy was not visible and the janitor stood and for a minute or two had stood in the extreme left side of the open door grasping with his left hand the iron grill-work of the wall of the shaft and with his right hand stretched upwards within the shaft to the left under side of the elevator, to replace upon a pulley the cable. The width of the doorway was thirty-one inches. The floor of the elevator was five feet and nine inches higher than that of the hall. The height of the intestate was about five feet eight and one-half inches and his weight was about two hundred and thirty-five pounds. He stepped through the open door between its right side and the janitor who testified that he "heard this man come" and "felt something brush past me and thought I saw a shadow going down."

The plaintiff was entitled to go to the jury upon the issue of the defendant's negligence. The defendant was, as to the intestate, under the duty of seeing that the premises were in a reasonably safe condition, but the measure of his duty was reasonable prudence and care. (*Griffen* v. *Manice*, 166 N. Y. 188.) The open door leading into the elevator permitted the intestate, without hindrance, to enter the elevator, and was an indication that the elevator was there present and could be entered. The janitor standing within it did not operate as a bar or obstruction to a person desiring to enter. The defendant, through his servant, the janitor, knew that the door was open and that the intestate could pass between the janitor and the right side of the door. He knew to what extent, if any, the open door would induce and the position of the janitor would, within reasonable anticipation or prescience, warn or interfere with a person intending to enter the elevator. The evidence does not disclose any ground for a belief on the part of the janitor that nobody

would desire to take the elevator during the time he maintained his position. The janitor knew the existing conditions as to the degree of light within the hall and as to the exact location of the elevator and of the boy who operated it. The knowledge we have spoken of is not inconsistent or irreconcilable with a natural apprehension on the part of the janitor that somebody might pass through the door into the shaft, and it was for the jury to determine under a proper submission of all the evidence with proper instructions whether or not the janitor, within reasonable thoughtfulness in regard to the safety of a person who intended to take the elevator, should have apprehended that a person might in the exercise of due care pass through the door.

The plaintiff was entitled to go to the jury upon the issue of the freedom of the intestate from contributory negligence. Under the record as presented to us it is immaterial that under the Code of Civil Procedure (Section 841b) the burden of proving the intestate guilty of contributory negligence was on the defendant. We have concluded that the question of the defendant's negligence was, upon the entire evidence, for the jury; therefore, the remaining question is whether or not the entire evidence proved that the intestate was guilty, as a matter of law, of contributory negligence. The fact that there was no direct proof of the acts of the intestate immediately preceding the stepping into the shaft does not render impossible the finding that he was free from contributory negligence. It has become the established law of this state that in an action to recover damages for a death negligently caused, the relevant conditions and circumstances surrounding and relating to the occurrence may be submitted to the jury, in the absence of such direct proof, in order that the jury may determine the inferences, if any, which they create. (*Sackheim* v. *Pigueron*, 215 N. Y. 62.)

If the intestate did not act with reasonable and ordi-

nary care, attention and prudence he was guilty of negligence. The plaintiff cannot recover on account of his death in case the injuries causing it resulted in whole or in part by his imprudence or inattention; and although the facts are not in dispute, if they reasonably permit opposing conclusions by fair-minded and honest men as to whether or not the injuries were contributed to by the carelessness or imprudence of the intestate, the question is for the jury. The facts that the janitor and his position and attitude were obvious to the intestate, and that the boy who ran the elevator was not visible in the hall had their importance, but the former was not inconsistent with the presence of the elevator at the level of the floor of the hall, because the janitor might have been thus placed in working at the inside of the elevator itself and neither fact clearly indicated that the open door did not lead into the elevator. Whether or not a person, situated as was the intestate, using attention and care ordinary under the circumstances and conditions would have seen the floor of the elevator five feet and nine inches above that of the hall, reasonably permits opposing answers and cannot be determined as a matter of law. The verdict of a jury, based upon a consideration of all the evidence, facts and inferences, can alone establish the negligence or freedom from negligence of the intestate.

The judgment should be reversed and a new trial granted, with costs to abide the event.

WILLARD BARTLETT, Ch. J., HISCOCK, CUDDEBACK, HOGAN, CARDOZO and POUND, JJ., concur.

Judgment reversed, etc.