HIYA CHRISTIANSON et al., Appellants, *v.* WILLIAM D. BREEN et al., as Executors of JOHN J. CURTIN, Deceased, et al., Respondents.

Submitted June 18, 1942; decided July 29, 1942.

*L. H. Schleider* and *Maurice C. Rosenzweig* for appellants. The plaintiff wife, being an invitee upon the premises of the defendants, it was incumbent upon them to warn her of the existence of an unguarded dumbwaiter shaft where the shaft door was unlocked and where there was no sign or other warning of the presence of the shaft. In any event, the defendants owed to plaintiff a safe place in which to do her work. (*Glennon* v. *Star Co.*, 130 App. Div. 491; *Schultis* v. *Waterbury Co.*, 152 App. Div. 416; *Marks* v. *Nambil Realty Co.*, 245 N. Y. 256.) The defendants were negligent in maintaining a door which opened into a shaft, where the door was unlocked and there was no sign upon the door or other warning of the presence of the shaft. (*Christensen* v. *Hannon*, 230 N. Y. 205; *McRickard* v. *Flint*, 114 N. Y. 222; *Urspring* v. *Winter Garden*, 169 N. Y. Supp. 738; *Glennon* v. *Star Co.*, 130 App. Div. 491; *Stump* v. *Burns*, 219 N. Y. 306.) Plaintiff was not guilty of contributory negligence. (*Ernst* v. *Hudson River R. R. Co.*, 35 N. Y. 9; *McRickard* v. *Flint*, 114 N. Y. 222; *Hyde* v. *Maison Hortense, Inc.*, 132 Misc. Rep. 399; 252 N. Y. 534; *Christensen* v. *Hannon*, 230 N. Y. 205.)

*James J. McLoughlin, Robert F. White* and *Thomas F. Harrigan* for William D. Breen et al., as executors, respondents. The trial court properly dismissed the complaint. There was no evidence of negligence. (*DeSalvo* v. *Stanley-Mark-Strand Corp.*, 281 N. Y. 333.) The plaintiff wife was guilty of contributory negligence as a matter of law. (*Hudson* v. *Church of Holy Trinity*, 250 N. Y. 513; *Brown* v. *Associated Operating Co.*, 165 App. Div. 702; 222 N. Y. 566; *Pattison* v. *Livingston Amusement Co.*, 156 App. Div. 368;

*Rohrbacher* v. *Gillig,* 203 N. Y. 413; *Hilsenbeck* v. *Guhring,* 131 N. Y. 674; *Brenstein* v. *Mattson,* 10 Daly 336; *Piper* v. *N. Y. C. & H. R. R. R. Co.,* 156 N. Y. 224; *Czesznek* v. *Ruffy Corporation,* 259 App. Div. 303; *Weller* v. *Consolidated Gas Co.,* 198 N. Y. 98; *Brugher* v. *Buchtenkirch,* 167 N. Y. 153; *Rowell* v. *Hutzler Lumber Co.,* 228 App. Div. 158; *Dailey* v. *Distler,* 115 App. Div. 102.)

*Michael J. Ryan* for Katherine Breen, respondent. Defendant Katherine Breen did not own or control the premises, nor operate, control or maintain the dumbwaiter shaft, and would only be liable for acts of malfeasance. (*Greco* v. *Levy,* 257 App. Div. 209; 282 N. Y. 575; *Murray* v. *Usher,* 117 N. Y. 542.) The plaintiff wife was guilty of contributory negligence. (*Hudson* v. *Church of Holy Trinity,* 250 N. Y. 513; *Hilsenbeck* v. *Guhring,* 131 N. Y. 674; *Rohrbacher* v. *Gillig,* 203 N. Y. 414; *Brugher* v. *Buchtenkirch,* 167 N. Y. 153; *Brown* v. *Associated Operating Co.,* 165 App. Div. 702; 222 N. Y. 566.)

FINCH, J. In an action for damages for personal injuries based upon alleged negligence, the complaint was dismissed at the close of plaintiffs' case upon the ground that no lack of care had been shown.

Plaintiffs were respectively maid and butler employed as domestics in the home of John J. Curtin. The premises were a one family private dwelling owned by Curtin, where he made his home with his sister, defendant Katherine Breen, and consisted of a cellar, a ground floor and four upper floors. The first floor contained an entrance hallway, a large billard and game room, a washroom which opened off the right wall of the billard room, a foyer and, beyond the foyer, the kitchen. The small foyer was the separating room between the two larger rooms, namely the billard room in the front and the kitchen in the rear. Opening off the same side of the foyer as the washroom did from the billiard room, was a door to a dumbwaiter or trunk carrier shaft.

Two days prior to the accident, plaintiffs had been engaged as domestics by defendant Breen, who had explained to them their duties and had shown them the layout of the house starting from the first floor and going to the fifth or top floor. Plaintiffs were specifically shown the washroom off the billiard room, and were

told that they might use this washroom upon occasion so as to avoid the necessity of going to their private bath in their quarters on the top floor. The two doors, one of which opened into the washroom and the other of which opened into the dumbwaiter or trunk carrier, were not far apart and were exactly alike. Plaintiffs were not shown the dumbwaiter or trunk lift shaftway.

After an employment of two days, plaintiffs informed Mrs. Breen of their desire to leave. While preparing to leave, plaintiff Hiya started from the kitchen on the first floor with the intention of going to the washroom off the billiard room for the purpose of adjusting her hat before the mirror. This was the same washroom which had been shown to Hiya by Mrs. Breen on the day of her hiring and which Hiya had used on subsequent occasions. On the day in question, plaintiff Hiya passed from the kitchen into the foyer, but in her haste to leave, opened the door in the foyer leading into the dumbwaiter or trunk shaftway instead of the door in the billiard room leading into the washroom. Upon opening the door plaintiff reached into the darkness for the lighting fixture which she envisaged as being in the washroom, lost her balance and fell down the shaftway into the cellar of the building.

Defendant Curtin, now represented by his executors, conceded ownership and control of the premises. Defendant Breen denied ownership and control.

Taking up first the liability of defendant owner, no claim is made that defendants violated any statutory obligations. No claim is made that any such are applicable to this one family dwelling. Nor is there any claim that a lack of lighting was the proximate cause of the accident. From the above facts, however, a jury might find that due care was lacking by the owner in that two doors, exactly identical in appearance and located in the same side of the wall in adjoining rooms, in rather close proximity, were not identified by markings so as to differentiate one from the other, where both were kept unlocked, and where one led to a washroom and the other to an open shaftway. In addition, upon opening either door, neither the washroom nor the shaftway had any natural light from within and it was necessary to reach into the washroom in order to turn on the artificial light. Upon this record a jury could find evidence sufficient to make out a *prima*

*facie* case of negligence which prevented a dismissal of the complaint at the close of plaintiffs' case as against the one who was owner and in control of the premises (*Stump* v. *Burns*, 219 N. Y. 306; *Hyde* v. *Maison Hortense, Inc.*, 132 Misc. Rep. 399; affd., 252 N. Y. 534).

Taking up the case of defendant Breen, there is evidence from which a jury could find that defendant Breen was the employer of plaintiffs. She engaged their services, instructed them as to their duties, and paid their salaries. It could be inferred that Mrs. Breen managed and controlled the household, and that her brother, Curtin, although the owner of the premises, merely boarded with her (*Glennon* v. *Star Co.*, 130 App. Div. 491; *Schultis* v. *Waterbury Co.*, 152 App. Div. 416; *Brennan* v. *Gordon*, 118 N. Y. 489; *Goodrich* v. *N. Y. C. & H. R. R. R. Co.*, 116 N. Y. 398).

On the other hand, upon the new trial, it may be found that defendant Breen assumed to act, not as the employer, but merely as the agent of Curtin, in which case she would not be liable for mere acts of nonfeasance (*Greco* v. *Levy*, 257 App. Div. 209, affd., 282 N. Y. 575; *Murray* v. *Usher*, 117 N. Y. 542).

Furthermore a jury might find defendant Breen liable on the ground that there was evidence that she undertook to show plaintiffs about the house in connection with their duties of housework and, knowing of the unlocked and unmarked door leading to the shaftway opening from the floor level of the foyer, had failed to warn in an instance where a failure to warn might result in serious injury to either of them (see *Kuelling* v. *Lean Mfg. Co.*, 183 N. Y. 78).

Upon the evidence produced, it cannot be said as a matter of law that plaintiff Hiya was guilty of contributory negligence (*McRickard* v. *Flint*, 114 N. Y. 222; *Hyde* v. *Maison Hortense, Inc.*, *supra; Christensen* v. *Hannon*, 230 N. Y. 205).

It follows that the judgments should be reversed and a new trial granted, with costs to appellants to abide the event.

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Judgments reversed, etc.