Close, P. J., Hagarty, Johnston, Taylor and Lewis, JJ., concur.

JOHN SADOWSKI, Respondent, v. LONG ISLAND RAILROAD COMPANY, Appellant.

Hagarty, J., concurs in the reversal of the judgment and the dismissal of the appeal from the order, but dissents as to the dismissal of the complaint and votes to grant a new trial; Close, P. J., dissents and votes to affirm the judgment and order, with the following memorandum: In my opinion there was a question of fact for the jury. Taking the plaintiff's testimony at its face value, he was required to work in the sand house about one hour every night. This sand after being dried, when thrown on the fine meshed screen, threw off a dust-like powder and was so thick in the room that he could see nothing and when it was blown from the uncovered bin up to the top of the sand house it also threw off a powder-like dust. I believe it was for the jury to say whether the defendant should not have anticipated the danger. "Negligence is gauged by the ability to anticipate." (McGlone v. Angus, Inc., 248 N. Y. 197, 199.) "The risk reasonably to be perceived defines the duty to be obeyed, and risk imports relation; it is risk to another or to others within the range of apprehension." (Palsgraf v. Long Island R. R. Co., 248 N. Y. 339, 344). Under

the circumstances present here, if reasonable care would have anticipated such a result then it was the duty of the employer to protect its employee. Whether this defendant should have apprehended the danger was a question of fact for the jury. That question is not to be determined by the fact that other railroads may also have engaged in the same practice and failed to take precautionary measures, particularly where, as here, there is an absence of proof showing that the conditions on the other railroads are the same. While evidence of the lack of precautionary measures on other railroads where conditions are the same may well be taken into consideration, such proof cannot be made the sole test in determining whether this defendant, in the exercise of reasonable care, should have anticipated the danger and, hence, taken commensurate precautions. The decision of the majority of this court, however, is apparently based on that theory. The issue of defendant's negligence here, as in every negligence case, is whether upon all the facts adduced defendant failed in its duty of exercising reasonable care; and not whether this defendant conducted its operations in the same manner as other railroads. The fortuitous circumstance that no one was injured in following the practice adopted by other railroads does not establish, as matter of law, that the practice was a careful one, no more than the circumstance that one was injured by following such a practice establishes that the practice was a careless one. In my opinion there can be no distinction between dust arising from sand and dust arising from other substances. *Baltimore & Ohio R. R. Co.* v. *Branson* (128 Md. 678) involved a case where the employee suffered injuries by reason of inhaling particles of paint forced into the air by a "gun" used by him in spraying paint upon locomotives. It was held that these injuries should have been anticipated by the employer. The decision in that case was reversed, but only on the theory that the employer was not engaged in interstate commerce (242 U. S. 623).