HENRY MARGULIES et al., Plaintiffs, *v.* LESTER J. DENNER, Doing Business as DE MAR TRANSFER Co., et al., Defendants.

Supreme Court, Trial Term, Kings County, June 26, 1945.

*Louis L. Friedman* for Henry Margulies and others, plaintiffs,

*Jacob Rassner* and *Bernard Eiler* for Joseph Abraham, plaintiff.

*Louis Dubow* and *Sol H. Glaubman* for Jennie Sclar, plaintiff.

*Bernard G. Barton* for Lester J. Denner and another, defendants.

*George A. Garvey* for Standard Oil Co. of New Jersey, defendant.

*F. L. Thielman* and *George J. Stacy* for Westvaco Chlorine Products Corp., defendant.

F. E. JOHNSON, J. The jury having found against all the defendants, the Standard Oil Company has moved to set the verdict aside; the motions of the other defendants have been denied. Decision was reserved as to the Standard because of its peculiar position. It acted as agent of a corporation with which it had some financial connection by reason of indirect stock ownership, and ordered one of the defendants to fill certain of that corporation's containers with chlorine which, under pressure, is a liquid. That having been done, that defendant shipped the particular container, among others, to the Standard, which placed them in a warehouse in New Jersey where they remained for some months until the Standard delivered them to a carrier who was to bring them to a ship on the North River. The

carrier made a detour for his own purposes, and while he was in Brooklyn the cylinder began to leak. He stopped the truck when he learned of it, but the liquid had become gaseous as it reached the air and, being heavier, went down to the subway and caused damage to the plaintiffs, to whom the jury has given verdicts.

It was claimed that Standard, though an agent and not a shipper, should in ordinary prudence have investigated whether the bottom of the cylinder, after it had stood in the warehouse for that length of time, was in a safe appearing condition, having in mind that there were certain marks left on the floor of the warehouse the day the cylinders were moved from the place where they had stood. Within a few hours the accident took place, and it is a fair inference that had anyone upended this cylinder he would have seen that the bottom was rusty and there were pittings indicative of corroded metal. The corrosion had eaten through enough metal so that at the last moment the thin wall that was left could not resist the gas which in liquid form is under pressure. Standard knew the dangerous character of the contents, but no one inspected the cylinders. Standard was, also, blamed for having selected a carrier who was not authorized to carry chlorine gas through the streets of this city. It is true, generally speaking, that agents are not liable for nonfeasance. (*Murray* v. *Usher et al.*, 117 N. Y. 542; *Christianson* v. *Breen*, 288 N. Y. 435; *Greenauer* v. *Sheridan-Brennan Realty Co.*, 224 App. Div. 199.) However, in the *Murray* case (*supra*) there seems to be a reservation in the statement of that general doctrine to the effect that they are not liable " in general ". There seems to be no decision holding that they are never liable for nonfeasance. The test of negligence being the conduct of the ordinarily prudent person under the circumstances, it was left to the jury, and while it does seem that the jury might very well have exonerated the Standard, the verdict will be accepted on the theory that the case was properly submitted. If it had been tried without a jury, the court would have dismissed against the Standard, but feels obliged to accept the verdict on the ground that more and more it seems to be the attitude of the Court of Appeals that whatever a jury thinks is the conduct of the ordinarily prudent man ought to be accepted by the trial court. This verdict was unanimous.

A respectful questioning of the soundness of what seems to be the Court of Appeals' attitude was voiced in *Sadowski* v. *Long Island R. Co.* (37 N. Y. S. 2d 457) where, in deference to

that supposed attitude, the motion to set aside was denied. A discussion of the many cases where the Court of Appeals had reinstated verdicts unanimously set aside by the Appellate Division is included there. The Appellate Division, however, set the Sadowski verdict aside (266 App. Div. 782). The Court of Appeals disapproved of so doing (292 N. Y. 448) and remitted it to the Appellate Division which accepted the jury's verdict (268 App. Div. 777).

The motion to set this verdict aside will be denied with appropriate exception. An extra allowance is granted on the ground that each was a difficult and extraordinary case: Margulies is allowed $200 extra; Belsito $150; Bogner $75; Novik $100; Abraham $200; Sclar $100; orders in each case should be submitted on notice.

The claim of the Standard for judgment against the defendant that filled the cylinder (which the jury also found guilty of negligence) is denied, on the ground that the verdict and the evidence taken together warrant only one fair inference, namely, that the Standard was held liable upon its own alleged negligence, and that its liability was found by the jury to be because of its own failure to do what the jury thought ordinary prudence required it to do. The collateral contributing negligence of the company that filled the cylinder is not the sole ground of the verdict. Appropriate exceptions to the Standard will be recorded.