PANSY HICKMAN, PLAINTIFF-APPELLANT, v. DUTCH TREAT RESTAURANT, INC., A BODY CORPORATE, AND ASA DREW AND ELIZABETH DREW, DEFENDANTS-RESPONDENTS.

Argued December 19, 1949—Decided January 9, 1950.

*Mr. Edmund J. Canzona* argued the cause for appellant (*Messrs. Parsons, Labrecque, Canzona & Combs,* attorneys).

*Mr. William Reich* argued the cause for respondents (*Mr. Irving H. Lewis,* attorney).

The opinion of the court was delivered by

HEHER, J.   The case is here on certification for appeal by this Court, *ex mero motu,* to the Appellate Division of the Superior Court.

The action sounds in *tort* for negligence. On July 14, 1947, plaintiff suffered personal injuries in a fall down a cellar stairway on premises of respondent Asa Drew in Red Bank where he conducted a public restaurant under the name and style of "Dutch Treat Restaurant." A jury was empanelled to try the issue; but there was a nonsuit at the close of plaintiff's case for what the trial judge conceived was a conclusive showing of contributory negligence. It was also urged, and the point is pressed here, that appellant did not come upon the premises by invitation, and there was no invasion of her rights as a mere licensee.

These are the essential facts and circumstances:

At 1 P. M. of the day in question, appellant entered the restaurant for a midday meal pursuant to a general invitation extended to the public for that purpose. She immediately inquired of Drew's wife Elizabeth, a corespondent, who was in charge of a food counter, as to the location of the "restroom." Pointing to a door on the opposite side of the restaurant premises, Mrs. Drew replied "around there." Appellant proceeded toward the door indicated by Mrs. Drew, as she believed, opened it and fell headlong down the stairway. While appellant was confused as to whether the door moved inward or outward, it was eventually established that it opened outward. She pushed open the door. There was no platform or landing at the head of the stairway, and appellant lost her footing the moment she stepped forward. Appellant said that Mrs. Drew "saw" her approach the door, but gave no warning of danger. She testified: "I opened the door and walked forward right into space. There is no platform; you just—it is like a ladder; if you walk forward, down you go, and that's what happened to me." Again appellant said the steps came "right up to the edge; I wasn't expecting steps, or I wouldn't have fallen;" also that she "didn't see anything" and "just walked in." She was asked if, when she had her hand on the door, she looked "on the floor" or "straight ahead," and she replied: "I couldn't tell you that; I don't know." Asked if she "saw anything" when she opened the the door, appellant replied: "How could I see anything?

The door was open and I walked in." Inquiry was then made as to whether she had seen "the steps;" and she replied: "I don't know; I hadn't a chance because the steps came right up to the edge." The door was "open;" she did not "have to lift any latch." The door was not marked; and, so far as the record reveals, there was no sign in the restaurant indicating the location of the restroom.

On these proofs, it was open to the jury to find that respondents maintained a restroom on the premises as an integral part of the restaurant services, and thus that there was a general invitation to the patrons of the establishment to make use of it. In granting the nonsuit, the Judge said there was "no evidence * * * that a toilet was provided for the customers;" and he considered decisive on the issue of contributory negligence the absence of "a sign to direct plaintiff" to the restroom. These were the factors which in his judgment differentiated the case of *Flanigan v. Madison Plaza Grill, Inc.,* 129 *N. J. L.* 419 (*Sup. Ct.* 1943); affirmed, 130 *N. J. L.* 532 (*E. & A.* 1943), where, he pointed out, there was "a sign in the restaurant (which) read 'Restrooms and Telephone,' (and) an arrow pointed the way to a corridor which the plaintiff entered." In the case at hand, he reasoned, "there were no signs to direct plaintiff, and she incurred a risk by entering an unmarked door."

The distinction is illusive. Here, appellant did not seek out the restroom unaided; she inquired of the person in charge as to its location, and in reply was given an express invitation to make use of the facility and directions as to its location which in the particular circumstances the jury might well have concluded constituted a breach of the duty of reasonable care owing to appellant. There was, for one thing, a failure of warning of the existence of what was in fact a trap for one mistakenly believing that the unmarked door led to the restroom. The proofs are reasonably susceptible of the inference that appellant's mistaken belief was imputable to want of due care in the giving of the directions sought by appellant. The fact that the unlocked door was not marked as the entry to the restroom is not in itself con-

clusive; there was no sign contrariwise, and it is reasonably inferable that it was the door which appellant believed Mrs. Drew had indicated as the entry to the restroom. Thus, it was open to the jury to find that appellant had an express invitation to make use of the facility; and that, through negligence in the giving of directions as to its location and the maintenance of the premises, she was led into an unexpected pitfall.

A restroom is now the usual appendage of the present-day restaurant; and patrons of the restaurant are under a general invitation to make use of it. It has been held that one who enters a store for the purpose of using a pay telephone maintained by the storekeeper for the use of his customers has the status of an invitee. *Randolph v. Great Atlantic & Pacific Tea Co.,* 2 *Fed. Supp.* 462 (1932). See, also, 100 *A. L. R.* 715. And the operator of a restaurant is under the duty of reasonable care of the premises for the safety of those who enter by his invitation. *Ryerson v. Bathgate,* 67 *N. J. L.* 337 (*E. & A.* 1902); *Garland v. Furst Store,* 93 *N. J. L.* 127 (*E. & A.* 1919); *Horton v. Smith,* 128 *N. J. L.* 488 (*Sup. Ct.* 1942); *Linders v. Bildner,* 129 *N. J. L.* 246 (*Sup. Ct.* 1942); affirmed, 130 *N. J. L.* 555 (*E. & A.* 1943); *Griffin v. De Geeter,* 132 *N. J. L.* 381 (*E. & A.* 1945). Where an unfastened door in a store or like establishment constitutes a place of danger by reason of the likelihood of its reasonably mistaken use as one open to invitees, there is a failure of the duty of due care in the management of the premises. Compare *Camp v. Wood,* 76 *N. Y.* 92 (1879); *Schmidt v. Bauer,* 80 *Cal.* 565, 22 *Pac.* 256 (1889); *Gordon v. Cummings,* 152 *Mass.* 513, 25 *N. E.* 978 (1890); *Downing v. Merchants National Bank,* 192 *Iowa* 1250, 184 *N. W.* 722 (1921). 20 *A. L. R.* 1138.

And in the circumstances the issue of contributory negligence was peculiarly within the province of the triers of the facts. The evidence is not conclusive of negligence by appellant proximately contributing to the injury. Where in a case of this class it is reasonably debatable as to whether the claimant exercised care commensurate with the risk of

harm, the issue is one of fact for resolution by the jury. *Flanigan v. Madison Plaza Grill, Inc., supra; Groener v. F. W. Woolworth Co.,* 131 *N. J. L.* 311 (*E. & A.* 1944); *Higgins v. County Seat B. & L. Ass'n,* 123 *N. J. L.* 117 (*Sup. Ct.* 1939); *Creamer v. Levy,* 108 *N. J. L.* 26 (*Sup. Ct.* 1931); *Casey v. Atlantic City & Shore R. R. Co.,* 100 *N. J. L.* 376 (*E. & A.* 1924); *Mayes v. Splitdorf Electrical Co.,* 94 *N. J. L.* 460 (*E. & A.* 1920). As in the *Flanigan case, supra,* there was no reasonable ground for the belief that when appellant opened the door in question, she would be confronted with a cellar stairway immediately behind the door. The rule of conduct is not the same when there is no ground to apprehend peril as when the danger is known or may be reasonably apprehended. Appellant had no reason to expect a fall into the cellarway the moment she pushed the door and stepped forward. Her understanding of the directions given by Mrs. Drew is a circumstance to be considered in assessing her behavior.

Contributory negligence is not a term that classifies conduct in the abstract. Negligence is relative and not absolute, depending upon the requirements of due care in the particular circumstances; and whether there was such want of care for one's safety as to constitute a contributing proximate cause of one's injury is generally for obvious reasons a question for the jury. *Niles v. Phillips Express Co.,* 118 *N. J. L.* 455 (*E. & A.* 1937). This is the consensus of judicial experience elsewhere. 38 *Am. Jur.* 1041, 1052.

The judgment is reversed; and a *venire de novo* is awarded.

*For reversal*—Justices CASE, HEHER, WACHENFELD and ACKERSON—4.

*For affirmance*—Chief Justice VANDERBILT, and Justices OLIPHANT and BURLING—3.