CATHERINE C. FAHEY v. MAYNARD SAYER and LILLIAN SAYER, his wife.

(*October* 15, 1953.)

RICHARDS, P. J., sitting.

*H. Albert Young* and *Harold Leshem* for the plaintiff.

*William Prickett* for the defendants.

Superior Court for New Castle County, Civil Action No. 100, 1951.

RICHARDS, P. J.:

The plaintiff brought suit against the defendants, to recover damages for injuries which she received when she fell down the cellar steps at their home, on November 30, 1950, while acting as a baby sitter for their children.

She testified that she arrived at the home of the defendants before Mrs. Sayer left and shortly thereafter went upstairs with the children, where she remained for some time after they were in bed. She was not entirely clear as to what she did after returning to the first floor; first stating that she went to the den, turned on the television for a few minutes, read the newspaper, then went to the kitchen and ate some cookies; afterward stating that she first went to the kitchen, then to the den to get the newspaper and returned to the kitchen to read it. In the meantime, and prior to the happening of the accident, having made three or four trips upstairs to look after the children.

Sometime between midnight and 12:30 she had occasion to use the powder room or lavatory and went from the kitchen into

the rear hall. On this hall, in addition to the doors leading into the kitchen, the den and a room referred to as the utility room, were three other doors similar in appearance and structure, with the exception that one of said doors, being the door leading to the cellar stairs, had a bolt and chain on it at a height where it was plainly visible. This rear hall was sufficiently lighted for the plaintiff to walk back and forth and see the various doors. Upon entering the rear hall the plaintiff went to the door leading to cellar steps, opened it, said door not being bolted at that time, and stood there looking into the space before her which was dark, groping or feeling around for a light switch. While the plaintiff, who was sixty-nine years of age at that time, was standing in that position she lost her balance and fell down the cellar stairs sustaining the injuries for which she now seeks to recover.

When called as a witness the plaintiff gave the following testimony:

"Q. Now, tell us what happened? A. Well, I thought I was going to the powder room. I opened this door to the right.

"Q. Yes. A. And reached my hand to see if I could find a light.

"Q. Yes. A. And away I went down on my back to the bottom of the stairs.

"Q. And when you opened the door, what did you do with your hand, you say? A. Just—I didn't get a chance to do hardly anything. I reached my hand but away I went on my back.

"Q. Didn't you feel for a light? A. I reached over, but I reeled over and away I went.

"Q. You remember this blackness in front of you? A. Yes.

"Q. And feeling for the light? A. I didn't get much chance to.

"Q. Do you remember feeling for the light? A. Why I put my hand up.

"Q. You remember opening the door? A. Yes, sir.

"Q. And you remember that the door opened out, isn't that correct? A. Yes, sir.

"Q. Do you remember stepping back at that time out of the doors way? A. I didn't get a chance of step back. I just opened the door and away I went."

It appears from the plaintiff's own testimony that the door to the cellarway opened outwardly:

There was no evidence that there was any platform or ledge, beyond the door jam, leading into the cellarway. When she opened the door nothing was visible to her but blackness.

Upon this testimony I directed a verdict for the defendants on the ground that the plaintiff was guilty of contributory negligence as a matter of law.

■ The plaintiff takes the position that she was not an invitee, licensee or business guest, but an employee. Admitting that to be the status of her position at the home of the defendants on the night in question, it must be further admitted that it is the duty of an employer to furnish an employee with a suitable and safe place in which to work. It must be kept in mind, however, that the employer is not an insurer of the safety of the place where his employee works. 56 *C. J. S., Master and Servant*, § 201, p. 901. In the case of *Brown v. Coley*, 168 *Miss.* 778, 152 *So.* 61, the Court held: if the servant is a mature and sensible person, of some experience as to the character of the work being done, he is obliged to look after and take care of himself as to all obvious and manifest dangers. In the case of *Phillips v. Keltner's Adm'r*, 276 *Ky.* 254, 124 *S. W.* 2d 71, the Court Held: the master is not liable if the danger is obvious and is before the servant's eyes to such extent that he must know, by the use of ordinary intelligence, the danger that confronts him.

■ There is no doubt that the plaintiff was entitled to the accommodations of house while she was at the home of the

defendants in discharge of the duty which she had undertaken. These accommodations included such use of the premises as were reasonably necessary for her comfort and convenience. The impenetrable darkness which confronted her when she opened the door leading to the cellarway was sufficient warning not to attempt to use it except at her own risk. The obligation of the defendants to her was limited to furnishing her a reasonably safe place in which to perform her duties. *Powers v. Raymond,* 197 *Cal.* 126, 239 *P.* 1069; *Standard Oil of Ind. v. Henninger,* 100 *Ind. App.* 674, 196 *N. E.* 706; *McNaughton v. Illinois Cent. R. Co.,* 136 *Iowa* 177, 113 *N. W.* 844; *Medcraft v. Merchants' Exchange,* 211 *Cal.* 404, 295 *P.* 822; *Plahn v. Masonic Hall Building Ass'n,* 206 *Minn.* 232, 288 *N. W.* 575.

The evidence does not disclose that the door leading to the cellarway was bolted on the night in question, but it does appear that said door was closed and was opened by the plaintiff. Not knowing where said door went, and being unable to distinguish anything in the blackness before her, the plaintiff was not justified in groping and feeling around in this black space trying to find a light switch. This voluntary action by her constituted contributory negligence as a matter of law. The fact that the door was there was an indication that it led to a closet or some other part of the house. The opening leading to the cellarway was guarded by the closed door. Upon opening said door and being unable to see where it led because of the black space beyond it, a person exercising ordinary care would not take the course that the plaintiff did.

The cases of *Hickman v. Dutch Treat Restaurant, Inc.,* 3 *N. J.* 460, 70 *A.* 2d 764, and *Christianson v. Breen,* 288 *N. Y.* 435, 43 *N. E.* 2d 478, both of which are relied upon by the plaintiff, are not in point, because in each of said cases the plaintiff was directed where to go to find the rest room but selected the wrong door.

In a recent opinion of the Supreme Court in the case of *Maher v. Voss,* 98 *A.* 2d 499, 503, the Court recognized the rule

of contributory negligence as applied to the "step in the dark" cases, found in 1 *Sherman and Redfield on Negligence* (*Rev. Ed.*) 320. That case is distinguished from the present one because the plaintiff was held to be a social guest, and as such, a gratuitous licensee; but the Court used the following language which clearly indicates the difference between the position of the plaintiff in that case and the position of the plaintiff in the present case:

"We think that a jury might reasonably find that the plaintiff, standing safely upon what appeared to be the floor of a closet, was misled by appearances, with some justification, into believing that it was safe to step further. The appearance of the opening, the hanging of the coats, the platform beneath her feet, and the dimness (but not complete absence) of light— all these facts taken together might well lead reasonable men to reject the conclusion that Mrs. Maher was careless of her own safety."

In this case there was no floor to mislead the plaintiff, no coats or anything else could be seen and the space before her was completely dark.

I cannot agree with the plaintiff's contention, that the defendants, by failing to warn the plaintiff that the door in the back hallway, adjacent to the kitchen and in close proximity to two other doors of similar character and structure, led to the cellarway, maintained a "trap". This door was not only in plain view but had a locking device on it, consisting of a bolt and chain, which could be easily seen and which distinguished it from the other doors in that hall.

Neither the door nor the cellarway beyond it constituted a concealed defect or hidden danger. *Standard Oil Co. of Indiana v. Henninger, supra.*

I am convinced that the plaintiff's fall down the cellarway and the injury which she received, was the result of her failure to exercise that degree of care which a reasonably prudent and

careful person would use under like circumstances, which amounted to contributory negligence.

The motion for a new trial is refused.