REDMANN, Judge ad hoc.
Plaintiff (joined by her husband claiming medical expenses) sues for damages for personal injuries sustained on defendants’ premises resulting from her falling down a stairway. The suit was dismissed; the wife alone has appealed.
The plaintiff’s brother rented a room and bath from defendants, located on the second story of the building. The room and bath each had a door opening on to a lateral gallery running towards the rear of the premises. Adjoining the bath was another room with a door opening on to the gallery occupied by another tenant. Next to this was another door to the platform of'a stairway leading to the ground floor. Next to this door and at the extreme rear end of the gallery was a louver door to a toilet, which was for the common use of the tenants on the second floor.
The plaintiff and her husband were visiting her brother and his wife in his room on the night of November 17, 1949. It was plaintiff’s first visit to the premises. She inquired of her brother’s wife about the location of the toilet and was told to go to the rear end of the gallery and she “would come to a door, and push it open and walk in there.”
Evaluating the evidence most favorably for plaintiff, there was very little light on the gallery (the time being about 8:00 or 9:00 o’clock at night) and that only from the street light and from a nearby building. Plaintiff, instead of going to the last door, opened the door leading to the platform, took a few steps in the darkness, and fell down the stairway.
Plaintiff’s theory is that the manner m which the stairway and the door to its platform as situated constituted a trap, made worse by the absence of any lighting fixture at either the door or the platform.
Paraphrasing the language of this Court in Caulfield v. Saba, 144 So. 907; We do not believe that our law imposes any dpty upon the landlord to illuminate galleries used in common by a number of tenants during the nighttime. If it be said, that it must reasonably be contemplated, that tenants (and their guests) would be required to use a gallery in order to get to a common toilet during the night, as well as the day, our answer is that in going to and fro in the night a tenant (or guest) should provide herself with some form of portable light, such as a candle, lamp, *771 or flashlight, or assume the consequences of her failure to take this measure of protection.
No claim is made as to any defect or vice in the platform or the stairway. The plaintiff, wholly unfamiliar with the premises, opens a closed door revealing, according to her own testimony, nothing hut darkness into which she imprudently advances and falls down the stairway. It was her own negligence that caused her mishap.
Accordingly the judgment appealed from is affirmed at appellant’s cost.
Affirmed.