■ FRANK CAMARDA, Appellant, v. ELLEN HASTIE et al., Respondents.— In a negligence action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County, dated February 7, 1961, which denied his motion for summary judgment pursuant to rule 113 of the Rules of Civil Practice. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Beldock, Ughetta, Christ and Brennan, JJ., concur.

■ KENNETH C. COLE, Public Administrator, as Administrator of the Estate of JOANNE CORBUSIER, Deceased, Respondent, v. JOHN LAMATTINA et al., Appellants.— In a negligence action to recover damages for the wrongful death of plaintiff's intestate, an invitee, resulting from a fall down a stairway to a cellar, the door to which was adjacent to another door leading to a bar, defendants appeal from a judgment of the Supreme Court, Westchester County, entered September 27, 1960, upon a verdict in favor of the plaintiff, after a jury trial. Judgment affirmed, with costs. It was for the jury to determine whether danger by reason of confusion between the two doors was reasonably foreseeable (*Christianson* v. *Breen*, 288 N. Y. 435). Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Pette, JJ., concur.

■ CHRISTO DENGELES et al., Respondents, v. WILLIAM COURDUFF, Appellant.— In a negligence action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County, dated June 15, 1960, granting plaintiffs' motion for summary judgment and for an assessment of damages, pursuant to rule 113 of the Rules of Civil Practice. Order affirmed, with $10 costs and disbursements. No opinion. Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Pette, JJ., concur.

■ SELINA EPSTEIN, Appellant, v. HENRY D. W. CUBA, Respondent.— In an action by a sister against her brother to compel him to give her half of the proceeds of a joint savings bank account, the entire amount of which he withdrew without her knowledge, plaintiff appeals from an order of the Supreme Court, Nassau County, dated October 11, 1960, denying her motion for summary judgment pursuant to rule 113 of the Rules of Civil Practice. Order affirmed, without costs. No opinion. Ughetta, Acting P. J., Kleinfeld, Christ, Pette and Brennan, JJ., concur.

■ BESS FISHMAN et al., Respondents, v. ROBERT H. SANDERS, Appellant.— In an action to recover damages for personal injuries sustained as the result of defendant's alleged negligent operation of his motor vehicle, the defendant appearing specially appeals from an order of the Supreme Court, Westchester County, dated November 16, 1960, denying his motion to set aside service of process made pursuant to sections 253 and 254 of the Vehicle and Traffic Law (formerly §§ 52, 52-a). Order reversed on the law, without costs, motion granted and service of summons and complaint vacated. The mailing of process addressed to the defendant at the Lincoln Hall School, Lincolndale, Westchester County, New York, was an insufficient compliance with the statutes, under which, at the least, the communication must be addressed to the actual residence of the defendant (*Bauman* v. *Fisher*, 12 A D 2d 32). Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Pette, JJ., concur.