GLADNEY, Judge.
This action in tort was instituted by Mrs. Josephine Foggin for the recovery of damages occasioned by personal injuries, and by her husband, James F. Foggin, for medical expenses and loss of wages. Made defendant is General Guaranty Insurance Company, the comprehensive personal liability insurer of the plaintiffs’ son, Howard Foggin. Following trial on the merits *666 plaintiffs’ demands were rejected, the judgment holding that the insured Howard Fog-gin was not guilty of actionable negligence, and further, that the claims of Mrs. Josephine Foggin were barred by reason of contributory negligence and the doctrine of assumption of risk The plaintiffs have appealed.
The salient facts are not in dispute. On December 26, 1964 Mrs. Josephine Foggin was a social guest in the home of her son, Howard F. Foggin, at 922 Audubon Place in Shreveport where shb had been invited to enjoy Christmas day with his family. After midnight at approximately 1 o’clock A.M. Mrs. Foggin and her daughter-in-law decided to dispose of some wrapping paper and boxes. The rear of the Foggin premises was enclosed by a redwood fence with a gate to the back yard situated on the carport side of the home. The gate was constructed in two sections, both of which opened outward from the yard towards the front of the property. It was the intention of Mrs. Foggin and her daughter-in-law to collect the paper and wrappings from the Christmas presents and carry it to the front of the property next to the street. After plaintiff had collected an armful of paper she and Mrs. Howard Foggin left the rear of the house through the patio and walked rather briskly around the storage and wash room to the gate where she tripped over a plank. This plank, painted a dark color, was nailed across the bottom of the gateway, extending some six to eight inches above the ground. Its purpose was to prevent the dog owned by Howard Foggin from getting out of the yard. Mrs. Josephine Foggin testified that she was familiar with the area over which she walked but was unaware of the existence of the plank across the bottom of the gateway. She said there was “slight illumination” and although she could see the ground she did not see the plank before she tripped. No other witnesses testified as to the lighting conditions in the immediate locality of the gate. As a result of her fall plaintiff alleges she sustained severe and permanent injuries.
Negligence is alleged against the owner on the ground' that his premises were unsafe and dangerous due to a vice in construction. It is further charged the accident was caused by the following acts of negligence :
(a) Creating a work across the bottom of the gateway in the nature of a. trap to those who would walk, through the gate;
(b) Failing to warn plaintiff of the presence of the board;
(c) Obstructing an entranceway so as-to impede and render dangerous-coming and going through the gateway.
The respondent insurer denied any negligence on the part of the insured and alternatively specially plead contributory negligence and assumption of risk:
(a) In going into the back yard at night' to pick up trash with inadequate-lighting;
(b) In going into a yard in the hours of darkness without knowing the condition of said yard;
(c) In failing to use her senses of sight as evidence by her failure to see the obstruction in the passageway;
(d) In view of the fact she had traversed the same entranceway previously she must have known of the existence of the obstruction and, therefore, was contributorily negligent in not avoiding it.
The issues presented on the appeal are-pointed out in the assignment of errors which are, first, the trial court erred in holding that the placing of a six inch board at the bottom of a gate and failing to warn an invitee of its existence was not a breach of ordinary care; and second, the trial court erred in holding that plaintiff assumed the risk of a hazard and danger not known to her or sufficiently apparent for her to have seen it.
*667 The legal duty of an owner of premises ¡to a social invitee to protect the latter against injury while on the premises of the owner were enunciated by this Court in Crittenden v. Fidelity & Casualty Company of New York, La.App., 83 So.2d 538 (2nd Cir. 1955):
“ * * * The duty of the owner of the premises to an invitee is not to insure him against the possibility of accident, but is to exercise reasonable or ordinary care for his safety commensurate with the particular circumstances involved. The Supreme Court of Louisiana in Lopes v. Sahuque, 114 La. 1004, 38 So. '810, 812, has defined negligence :
'‘Negligence consists in the neglect of .the use of ordinary care or skill towards a person to whom the defendant owes the duty of observing care or skill, to avoid a danger which should have been foreseen, by reason of which neglect the plaintiff, without contributory negligence on his part, has suffered injury to his person or property. * * * ’
“The character of the defect or danger upon which liability of the owner of premises to invitees is predicated, is comprehensively treated in 65 C.J.S., Negligence, § 50, p. 541:
■‘The duty to keep premises safe for invitees applies only to defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls, and the like, in that they are not known to the invitee, and would not be observed by him in the exercise of ordinary care. 'The invitee assumes all normal, obvious, or ordinary risks attendant on the use of the premises, and the owner or occupant is under no duty to reconstruct or alter the premises so as to obviate known and obvious dangers. * * *
‘The basis of the inviter’s liability for injuries sustained by the invitee on the premises rests on the owner’s superior knowledge of the danger, and as a general rule he is not liable for an injury to an invitee resulting from a danger which was obvious or should have been observed by the invitee in the exercise of reasonable care, or from a condition which was as well known or as obvious to the invitee as to the inviter, or which the inviter had no reason to believe would not be discovered by the invitee. There is no duty to warn the invitee of any defect or danger which is as well-known to the invitee as to the owner or occupant, or which is obvious or which should be observed by the invitee in the exercise of ordinary care. However, even though the invitee has knowledge of the danger, or the defect is obvious, the duty of the owner or occupant to use reasonable care to keep the premises reasonably safe for invitees remains, and it runs concurrently with the duty of the invitee to protect himself, so that, where the invitee does not fully appreciate the danger or is without fault, the owner or occupant may be held liable for the injury.’ ” [83 So.2d 538, 540]
The application of an additional legal principle is indicated by the facts of this case. It is sometimes referred to as “the step in the dark” principle, a jurisprudential rule which has been restated aptly in 1 Shearman & Redfield on Negligence, page 320:
“A person who comes into an unfamiliar situation, where a condition of darkness renders the use of his eyesight ineffective to define his surroundings, is not justified, in the absence of any special stress of circumstances, in proceeding further, without first finding out where he is going and what may be the obstructions to his safe progress. Violation of this rule is contributory negligence as matter of law.”
Our courts have had occasion to recognize and apply the rule in Curet v. Hiern, La. App., 95 So.2d 699 (Orl. Cir. 1957) wherein plaintiff arose in the night and thoughtlessly moved about a darkened hallway without turning on the light which would have *668 illuminated a stairwell; then in the darkness she opened a door in attempting to use the stairway which was entirely unfamiliar to her. She took a step in the dark and fell down the stairway. The court held she was contributorily negligent and cited the case of Fahey v. Sayer, 9 Terry 173, 48 Del. 173, 99 A.2d 624, 625 in which decision appears the following statement:
“* * * impenetrable darkness which confronted her when she opened the door leading to the cellarway was sufficient warning not to attempt to use it except at her own risk. * * * ”
See also Biggs v. Bear, 320 Ill.App. 597, 51 N.E.2d 799; McHenry v. Howells, 201 Or. 697, 272 P.2d 210. This principle of law prevailed in Briscoe v. Bailey, La.App., 74 So.2d 770 (Orl.Cir.1954) where plaintiff was held to be negligent for entering a dark stairway in unfamiliar premises. The court made the following observation:
ff * * * The plaintiff, wholly unfamiliar with the premises, opens a closed door revealing, according to her own testimony, nothing but darkness into which she imprudently advances and falls down the stairway. It was her own negligence that caused her mishap.” [74 So.2d 770, 771]
Curet v. Hiern and Briscoe v. Bailey emphasize the responsibility placed upon an invitee who assumes the risk of proceeding uncertainly where the protection of eyesight is insufficient because of darkness. See also: Caulfield v. Saba, La.App., 144 So. 907 (Orl.1932); Knight v. Travelers Insurance Co., La.App., 32 So.2d 508 (1st Cir. 1947); Briscoe v. Bailey, La.App., 74 So.2d 770 (Orl.1954); Mahfouz v. United Brotherhood of Carpenters & Joiners, Local No. 43, La.App., 117 So.2d 295 (2nd Cir. 1959) Cert. denied; Jumonville v. Calogne, La.App., 141 So.2d 430 (4th Cir. 1962) Cert. denied.
It is urged by appellants that the plank constituted a vice in construction and liability should be determined under Civil Code Art. 2322. Non constat. There was no vice in its construction nor was it concealed in any manner so as to be of the nature of a trap. In day light or during darkness when sufficient light exists the board was obvious and should have been plainly visible. The owner of the premises had implanted the board in a position where it would prevent his dog from escaping from the premises. It was not incumbent upon the host to anticipate that a guest would use the gateway in darkness. The failure of plaintiff to provide herself with adequate light to walk through darkness on premises with which she was not completely familiar was the proximate cause of the accident. Obviously with sufficient light the plank could have been seen and avoided.
For the foregoing reasons we conclude, first, that there was no breach of legal duty on the part of Howard Foggin to his mother, and secondly, that Mrs. Foggin was negligent in failing to provide herself with adequate light before attempting to go through the gateway in complete darkness and without taking commensurate care under the circumstances.
For the foregoing reasons the judgment from which appealed is affirmed at appellants’ cost.