ANTONIO MOLLINO, Respondent, *v.* OGDEN & CLARKSON CORPORATION et al., Appellants, Impleaded with Others.

Negligence — principal and agent — real estate agent who had contracted to take charge of a building " including its improvement and repair," liable to pedestrian injured by fall of portion of chimney — nominal owner whose deed is contradicted by existing writing to which he is a party entitled to show under what arrangement property was conveyed to him.

1. Where the owner of real property conveys the same to her attorney and at the same time enters into a written agreement with a real estate broker and the attorney providing that " the second party shall have the sole and absolute control of said property as to its sale, lease and management, including its improvement and repair and * * * that the third party is under no liability or responsibility for any act or omission hereunder," the second party is obligated to see that the building is kept in such repair that persons lawfully using the

street upon which the building abuts will not be injured by the building or any part of it falling upon them.

2. In an action, therefore, to recover for personal injuries, where there was evidence to sustain a finding of the jury that plaintiff was struck by a portion of the chimney on such building falling to the street and also to justify a finding that for some time prior to the accident the chimney was in dangerous condition, the broker was properly held liable.   It had possession of the building and had stipulated, under the agreement, to make the necessary repairs and its failure to do so was something more than non-feasance; it was misfeasance.

3. It being apparent from the agreement that the attorney had no interest in the property, in contradiction of the deed, parol evidence was admissible to show what the situation was when the property was conveyed to him and under what arrangement the conveyance was made, and its exclusion constitutes reversible error as to him.

*Mollino* v. *Ogden & Clarkson Corp.*, 216 App. Div. 738, modified.

(Argued October 13, 1926; decided November 16, 1926.)

Appeal, appellant Feitner by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 27, 1926, unanimously as to appellant Feitner but one of the justices dissenting as to appellant Ogden & Clarkson Corporation, affirming a judgment in favor of plaintiff entered upon a verdict.

*Alfred G. Reeves, John S. Wise, Jr.,* and *Harry J. Ahlheim* for Ogden & Clarkson Corporation, appellant. Appellant Ogden & Clarkson Corporation, a real estate agent, cannot be held liable with the owner for mere nonfeasance; and the plaintiff's remedy, if any, is against the owner alone.   (*Slater* v. *Barnes,* 241 N. Y. 284; *Murray* v. *Usher,* 117 N. Y. 542; *Van Antwerp* v. *Linton,* 89 Hun, 417; *Potter* v. *Gilbert,* 130 App. Div. 632; 196 N. Y. 576; *Haigh* v. *Edelmeyer & M. H. E. Co.,* 136 App. Div. 484; *Scheller* v. *Silbermintz,* 50 Misc. Rep. 175; *People* v. *Crounse,* 51 Hun, 489; *People* v. *Weeks,* 172 App. Div. 117; *Cook* v. *Bellack,* 109 Wis. 391; *Joyce* v. *Convent Avenue Construction Co.,* 155 App. Div. 586; *Bell* v. *Josselyn,* 3 Gray, 309.)

*William Dike Reed* and *K. Courtenay Johnston* for Thomas L. Feitner, appellant.   As a matter of law, the evidence clearly shows that there was and is no liability on the part of the appellant Thomas L. Feitner since he was neither the owner nor holder of any estate or interest in the property involved in the accident.   (*N. Y. Dry Dock Co.* v. *Stillman*, 30 N. Y. 174; *Johnston* v. *Spicer*, 107 N. Y. 185; *Gueutal* v. *Gueutal*, 113 App. Div. 310; *Ulman* v. *Cameron*, 186 N. Y. 339; *Wendt* v. *Walsh*, 164 N. Y. 154; *Steinert* v. *Steinert*, 161 App. Div. 841; *Salsbury* v. *Parsons*, 36 Hun, 12; *Sinnott* v. *McLaughlin*, 198 App. Div. 630; *Syracuse Savings Bank* v. *Holden*, 105 N. Y. 415; *Jacoby* v. *Jacoby*, 138 N. Y. 124; *Bates* v. *Ledgerwood Mfg. Co.*, 130 N. Y. 200.)   The refusal of the trial judge to receive any parol evidence of the circumstances surrounding the making of the two instruments, or as to the intent of the parties thereto, and his instructions to the jury thereon, erroneously foreclosed the defendant Feitner from any consideration of him other than as the legal owner of the property involved in the accident.   (Perry on Trusts, §§ 82, 137, 150; *Foote* v. *Bryant*, 47 N. Y. 544; *Norton* v. *Mallory*, 63 N. Y. 434; *Hutchins* v. *Van Vechten*, 140 N. Y. 115; *Goldsmith* v. *Goldsmith*, 145 N. Y. 313; *Ahrens* v. *Jones*, 169 N. Y. 555; *Ensign* v. *Ensign*, 120 N. Y. 655; *Gillet* v. *Bank of America*, 160 N. Y. 549; *Mooney* v. *Byrne*, 163 N. Y. 86; *Swinburne* v. *Swinburne*, 28 N. Y. 568.)

*Harold R. Medina, Moses Feltenstein* and *Harry Miller* for respondent.   The uncontradicted evidence shows that the defendant Ogden & Clarkson Corporation, by its voluntary assumption of responsibility in taking over the sole and absolute control of the property, was under a duty to the plaintiff to exercise reasonable care and there is evidence to support the verdict of the jury that the defendant Ogden & Clarkson Corporation failed to exercise reasonable and ordinary care under the circum-

stances.  ( *Uggla* v. *Brokaw,* 117 App. Div. 586; *Miller* v.
*N. Y., L. & W. R. R. Co.,* 125 N. Y. 118; *Ahern* v. *Steele,*
115 N. Y. 203: *Miller* v. *Woodhead,* 104 N. Y. 471; *Odell*
v. *Solomon,* 99 N. Y. 635; *Washington* v. *Episcopal Church,*
111 App. Div. 402; *Lansing* v. *Thompson,* 8 App. Div. 54;
*Edwards* v. *N. Y. & H. R. R. Co.,* 25 Hun, 634; 98 N. Y.
245.)

*Alexander C. Mac Nulty* for Real Estate Board of New
York, Inc., *amicus curiæ.* Denial of the defendants,
appellants' motions to dismiss the complaint upon the
grounds that there was no evidence that the plaintiff's
injuries were caused by the negligence of either of the
defendants, appellants, and that there was no evidence
that either of said defendants, appellants, had personal
knowledge or notice of any of the defective conditions that,
it is alleged, caused the plaintiff's injuries, was error.
(*Congreve* v. *Smith,* 18 N. Y. 79; *Holroyd* v. *Sheridan,* 53
App. Div. 14; *Paltey* v. *Eagan,* 200 N. Y. 83; *San Felippo*
v. *American B. P. Co.,* 188 N. Y. 514; *McNulty* v. *Ludwig
& Co.,* 153 App. Div. 206: *Uggla* v. *Brokaw,* 117 App. Div.
586; *Volkmar* v. *Manhattan Ry. Co.,* 134 N. Y. 418;
*Hogan* v. *Manhattan Ry. Co.,* 149 N. Y. 23; *Marceau* v.
*Rutland R. R. Co.,* 211 N. Y. 203; *Hudgins* v. *Hann,* 240
Fed. Rep. 387; *Hughes* v. *Harbor & Suburban B. & S.
Assn.,* 131 App. Div. 185.)

McLAUGHLIN, J.  The plaintiff, on the 28th of March,
1923, at about 2.30 P. M., while walking on East One
Hundred and Twenty-seventh street, New York city, was
seriously injured by a portion of a chimney falling from
the roof of a building located at 49 East One Hundred
and Twenty-seventh street.  He brought this action to
recover for the injuries.

The action was originally brought against the two
appellants and Mary A. Stickney, Minnie H. Musgrave
and Alice F. Brown.  The two persons last named each
held a mortgage upon the premises in question.  The

defendant Mary A. Stickney was concededly the owner in fee of the premises upon which the building stood, until February 14, 1916, at which time she conveyed the same to the appellant Feitner. On the same day the deed of conveyance was given, Mrs. Stickney and her husband as party of the first part, Ogden & Clarkson Corporation as party of the second part, and Feitner as party of the third part, entered into an agreement. Said agreement, after reciting that it was " the desire and request of the first party that said property shall be under the absolute and sole control as to sale, lease and management of the second party for the purpose of getting the same liquidated to the best advantage of the first party and of all interested therein, and to that end the second party is willing to make advances to be secured thereby, and the title thereof is to be held by the third party accordingly," provided:

" (1) The second party shall have the sole and absolute control of said property as to its sale, lease and management, including its improvement and repair.

" (2) All advances made from time to time by the second party or at its request in the management of said property, shall be deemed to be at the request and for the benefit of the first party and secured by said property.

" (3) And it is of course understood that the third party is under no liability or responsibility for any act or omission hereunder."

After the conveyance to Feitner and the execution of the agreement signed by him, Ogden & Clarkson Corporation and Mrs. Stickney (just quoted), she, so far as appears, had only a remote beneficial interest in the property, and the two mortgagees had an interest only to the extent of their respective mortgages. They were not mortgagees in possession, nor did they have any control or management of the property. These facts appearing, at the opening of the trial and before any evidence had been taken plaintiff's counsel consented to a dismissal of the

complaint as to the two mortgagees, and the action as to them was then discontinued. It was, however, continued against Feitner, Ogden & Clarkson Corporation and Mrs. Stickney, but at the close of plaintiff's case the court dismissed the complaint as to Mrs. Stickney and denied a motion to dismiss as to Ogden & Clarkson Corporation and Feitner, to which an exception was taken by each of such defendants. A similar motion was made by the respective attorneys of Feitner and Ogden & Clarkson Corporation at the close of the evidence, which motion was also denied and an exception taken by each.

The case was then sent to the jury and it rendered a verdict in favor of the plaintiff for $18,500. Judgment to this effect was entered and an appeal to the Appellate Division resulted in the judgment being unanimously affirmed as to Feitner and affirmed (one of the justices dissenting) as to Ogden & Clarkson Corporation. Both of such defendants then appealed to this court.

I am of the opinion that the judgment as to Ogden & Clarkson Corporation should be affirmed. Under the agreement in and by which it had the " sole and absolute control of said property as to its sale, lease and management, including its improvement and repair," it was obligated to see that the building was kept in such repair that persons lawfully using the street upon which the building abutted would not be injured by the building, or any part of it, falling upon them. The corporation, when it took possession of the property, agreed to look after it, including its improvement and repair, and it was obligated to do this by affirmative action on its part.

There was an abundance of evidence to sustain the finding of the jury that the plaintiff was struck by a portion of the chimney on such building falling to the street. The evidence also justified a finding that at and for some time prior to the time of the accident, the chimney, a portion of which fell to the street, was in a dangerous condition and should have been made safe by

the corporation. Its failure to do so was something more than non-feasance; it was misfeasance on its part in not making the necessary repairs. Ogden & Clarkson Corporation was more than an ordinary broker to sell or lease real estate. This, it is true, was a part of its duty but under the agreement it was obligated to perform the additional duty of keeping the property in repair. The corporation had possession of the building and had stipulated, under the agreement, to make the necessary repairs.

Mechem on Agency (Vol. 1 [2d ed.], sec. 1474) states the rule applicable to this case as follows: " * * * the agent should be held responsible for injuries caused by his neglect to keep in repair premises under his control where he is charged by his principal with the duty to repair and has the necessary means, in any case in which he would be liable for the same injury if he were controlling the premises on his own account. In these cases in which the agent has both the duty (to his principal) and the power to repair, and fails to do so, the injury can fairly be regarded as the consequence of his own act." (See, also, *Baird* v. *Shipman*, 132 Ill. 16; *Carson* v. *Quinn*, 127 Mo. App. 525; *Bannigan* v. *Woodbury*, 158 Mich. 206; *Lough* v. *Davis & Co.*, 30 Wash. 204; *Orcutt* v. *Century Bldg. Co.*, 201 Mo. 424; *Mayer* v. *Thompson-Hutchison Bldg. Co.*, 104 Ala. 611; *Consolidated Gas Co.* v. *Connor*, 114 Md. 140.)

The judgment against the appellant Feitner, I am of the opinion, should be reversed because of error of the trial judge in excluding certain testimony. The agreement which was executed at the time of the conveyance to Feitner, it will be noticed, contained a provision that it was understood that he would not be liable or responsible " for any act or omission hereunder." At the trial he sought to prove just what the arrangement was between him and Mrs. Stickney when she conveyed the property to him. However, all evidence bearing on the subject

was excluded and an exception taken. Feitner testified that he had been the lawyer for Mrs. Stickney for a long time and he was then asked by his counsel, Mr. Reed:

" Q. Did you at any time live in the premises in question?

"A. No.

" Q. Did you at any time purchase the premises in question?

" Mr. Feltenstein [plaintiff's counsel]: I object to that as incompetent, irrelevant and immaterial.

" The Court: Objection sustained.

" Mr. Reed: Exception."

Feitner was then asked:

" Q. You said that you had a conversation with them in reference to it. What was the general purport of that conversation? " Objection was made to this question and the court thereupon asked counsel for Feitner what he proposed to show and he responded, saying, " I propose to show that Mr. Feitner merely, as a matter of convenience for the parties interested in that property, took title by virtue of a conversation between the parties."

" The Court: A conversation held before the signing of that agreement?

" Mr. Reed: Yes, that he never had in any way, shape or form any beneficial interest in that property.

" The Court: The objections are respectively sustained.

" Mr. Reed: Exception."

I think this testimony should have been admitted. Feitner was entitled to show just exactly what the situation was when the property was conveyed to him and under what arrangement the conveyance was made. He did not have control of the building. Under the agreement, Ogden & Clarkson Corporation had the sole and absolute control of said property as to its sale, lease and management, including its improvement and repair. The jury was entitled to know how the property came to be deeded to Feitner, and the purpose and object of

the conveyance. It is quite apparent from the agreement that he had no interest in the property. It is true that the agreement and the deed of conveyance appear to be contradictory, and for that reason the testimony was admissible for the purpose of explaining how the two instruments came to be made.

The judgment should be affirmed, with costs as to defendant Ogden & Clarkson Corporation, and as to defendant Thomas L. Feitner should be reversed and a new trial ordered, with costs to him to abide the event.

HISCOCK, Ch. J., CARDOZO, POUND, CRANE, ANDREWS and LEHMAN, JJ., concur.

Judgment accordingly.