ELIZABETH GREENAUER, as Administratrix, etc., of EDWARD C. GREENAUER, Deceased, Respondent, v. SHERIDAN-BRENNAN REALTY COMPANY and Another, Appellants.

Fourth Department, June 29, 1928.

*John J. McInerney,* for the appellants.

*Sutherland & Dwyer* [*Carroll M. Roberts* of counsel], for the respondent.

SAWYER, J. Defendant Sheridan-Brennan Realty Company owned a building on East avenue in the city of Rochester used for stores on the street floor and for living apartments on the floors above. Across the rear of the building there was maintained for the use of tenants outside platforms or piazzas with connecting stairways running from floor to floor. All the hallways, stairways, areas, yards and other parts of the premises, used in common by the tenants, including the outside platforms and stairs in the rear, were reserved by the owner in its own possession and control and were maintained by it. At the street entrance of the building it maintained a sign reading, "All Deliveries and Moving Use Rear Entrance," meaning thereby the rear stairways and platforms which reached the various apartment floors.

Plaintiff's intestate was a piano mover and on February 17, 1927, accompanied by two assistants, entered the building for the purpose of removing a piano belonging to one of the tenants. Pursuant to defendants' notice they took the piano out the rear entrance of the floor and then down the open stairways. Some four or five steps toward the ground from the second floor one of the treads gave way and the piano fell through the stairs to the ground carrying Mr. Greenauer and one of his assistants with it and causing his death. These platforms and stairs were built of wood and have stood there exposed to the action of the elements for a number of years. Plaintiff's claim was that, through defendants' neglect, this construction, particularly the stair treads, where they were housed into the stringers, had become rotten and the nails holding them in place rusted away and useless. This was denied by defendants who assert that the men allowed the piano to get away from them and that it slipped down the stairway, turning sideway as it went, and spread the rails on either side so that the treads pulled out of their housings, thus permitting the piano to fall through.

The pleadings admit that the defendant Sheridan-Brennan Realty Company owed plaintiff's intestate the duty to keep the stairways and all portions thereof in good state of repair and the action was tried and submitted under the theory of reasonable care, without objection or exception. That decedent was an invitee is borne out by the evidential facts.

Under this theory and on these controverted facts, the jury has found that the death was caused by defendants' negligence and that decedent himself was free from negligence contributing thereto. So far as relates to defendant Sheridan-Brennan Realty Company there is sufficient evidence to support both these findings.

A number of alleged trial errors are called to our attention.

They have been painstakingly examined and all that need be said of them is that as to the corporation defendant, in the few instances where technical errors may properly be claimed, none of them, in our judgment, affected the result or require a reversal.

We arrive at a different conclusion as to the defendant Jeremiah M. Brennan. The complaint alleges him to have been the president, treasurer and general manager of his codefendant and its duly authorized representative and agent in charge of the repairing, upkeep and general management of its property; this is admitted by the answer.

The proofs show that this authority and agency were entirely as an officer of the corporation and whatsoever was done by him was only in his official capacity and for his principal. His negligence here charged is one of omission, not of commission; of nonfeasance, not of misfeasance.

The jury were instructed by the learned trial justice that if a verdict was found against one defendant, it must likewise be found against both of them. In denying defendants' motion for a new trial this is stated to have been on the authority of *Mollino* v. *Ogden & Clarkson Corp.* (243 N. Y. 450). We are of the opinion that that case is clearly distinguishable from this one. There the appealing defendant contracted with the owner of real estate to liquidate same for her by sale and agreed that same should " be under the absolute and sole control as to sale, lease and management of the second party [Ogden & Clarkson Corporation] for the purpose of getting the same liquidated to the best advantage of the first party and of all interested therein, and to that end the second party is willing to make advances to be secured thereby, and the title thereof is to be held by the third party accordingly." The contract specifically provided that the second party was to have the sole and absolute control of the property as to its sale, lease and management, including its improvement and repair; that all advances made by second party were to be deemed made at the request of and for the benefit of first party and to be secured by the property and that no liability should attach to the third party. For the evident purpose of protecting second party and assuring the carrying out of first party's agreement, she then conveyed the property to the third party in effect, although not in terms, as trustee for both. From this recital it will be seen that the Ogden & Clarkson Corporation assumed full responsibility for and control over the property, to the exclusion of the true owner and every one else. It was to make all improvements and repairs from its own funds and for its own benefit, *i. e.*, to aid it in fulfilling its agreement to liquidate by sale. It assumed personal

responsibility for the repairs, standing in place of the owner, and by its own act became responsible to the same extent as an owner, viz., for nonfeasance as well as for misfeasance. It is true that the court quotes with seeming approval from Mechem on Agency (Vol. 1 [2d ed.], § 1474), but the application of that authority is limited to the facts then before the court and was so intended, as is apparent from other portions of the opinion.

In the instant case defendant Brennan acted only for the corporation of which he was an officer. It could only act through some one of its officers; his acts were its acts and not his own; as an individual he had no authority whatever. In that sense only was he its agent. The measure of his liability for negligence is that of misfeasance alone (*Murray* v. *Usher*, 117 N. Y. 542), and as to him, therefore, the judgment must be reversed.

Plaintiff's intestate was a laboring man, between forty-six and forty-seven years old, industrious and of good habits; at the time of his death he was earning forty-eight dollars a week. He left a widow (plaintiff) and four children, three of them grown and self-supporting, the other, a girl, about twelve years old. He was accustomed to turn over all his wages to his wife who supplied the family needs, including those of the husband, therefrom. The record does not show her age but, inasmuch as the oldest child is twenty-two years old, it may be assumed that she is at least forty years of age and quite likely more.

On these facts the jury awarded a verdict of $21,914, which included $414 for funeral expenses.

While the courts will not ordinarily interfere with the conclusion of a jury in such matters, where the verdict is so palpably and grossly excessive as to constitute an abuse of its discretion, it is, nevertheless, the duty of the court to make proper reduction.

The sum here awarded is far greater than any probable monetary loss caused to plaintiff by the death of her intestate and it is our opinion, after careful consideration, that a verdict in excess of $15,000 would be unjustified by the facts.

From what has been said it follows that the judgment and order against the defendant Jeremiah M. Brennan should be reversed on the law, with costs, and, as to him, the complaint dismissed, with costs.

That as to the defendant Sheridan-Brennan Realty Company the judgment and order should be reversed on the facts and a new trial granted, with costs to the appellant to abide the event, unless plaintiff shall, within ten days, stipulate to reduce the verdict to the sum of $15,000 as of the date of the rendition thereof, in which event the judgment shall be modified accordingly as to

said corporation, and as so modified affirmed, without costs of this appeal to either party.

All concur. Present — HUBBS, P. J., SEARS, CROUCH, TAYLOR and SAWYER, JJ.

Judgment and order reversed on the law, with costs as to the defendant Brennan, and judgment directed in favor of said defendant dismissing the complaint, with costs. Judgment and order reversed on the facts as to the defendant corporation and a new trial granted as to said defendant, with costs to said appellant to abide the event, unless the plaintiff shall, within ten days, stipulate to reduce the verdict to the sum of $15,000 as of the date of the rendition thereof, in which event the judgment is modified accordingly as to said corporation, and as so modified is affirmed, together with the order, without costs of this appeal to either party.