Oscar Berg et al., Appellants, *v.* Jacob Hoffman, Respondent.

Argued May 21, 1937; decided July 13, 1937.

*R. Waldron Herzberg* and *R. Monell Herzberg* for appellants. The evidence presented on the trial warranted the verdict rendered by the jury in favor of the plaintiffs. (*Elco Shoe Manufacturers, Inc.,* v. *Sisk,* 260 N. Y. 100;

*Murray* v. *Beard,* 102 N. Y. 505; *Wendt* v. *Fischer,* 243 N. Y. 439.)

*John L. Crandell* for respondent. Refusal to strike out the evidence of an alleged oral contract preceding the written agreement required reversal of the judgment. (*Mersereau* v. *Mersereau,* 49 App. Div. 647; *Harris* v. *Eakins,* 201 App. Div. 257; *Wallach* v. *Riverside Bank,* 206 N. Y. 434; *Cornell Co.* v. *McKiever,* 214 App. Div. 738; *Smith* v. *Smith,* 214 App. Div. 383; *Gulickson* v. *Seglin Constr. Co.,* 152 Misc. Rep. 624; *Sims* v. *Farson,* 162 App. Div. 426; 220 N. Y. 710.) The alleged oral contract was not enforceable under the Statute of Frauds. (*R. & L. Co.* v. *Metz,* 175 App. Div. 276; 219 N. Y. 556.) The alleged oral contract was illegal and void. (*Riker* v. *Comfort,* 140 App. Div. 117; *Hall* v. *Schultz,* 4 Johns. 240.)

LOUGHRAN, J. Premises owned by the plaintiffs were subject to a mortgage for $15,000. The holder of the lien agreed with them to take $2,000 for it. Defendant, who had done the plaintiffs many kindly offices and had been their trusted adviser, undertook to put through the deal. The terms of that undertaking are the subject of this controversy. It is undisputed, however, that having paid $2,000 for an assignment of the mortgage to himself, the defendant offered to surrender it to the plaintiffs when he was paid $3,000 by them; and that an ensuing wrangle resulted in a formal written instrument in accordance with which he satisfied the mortgage upon his receipt from them of $2,750. This is an action to recover back $750 of that payment as money collected by duress.

The jury decided for the plaintiffs. Under the court's charge the finding must have been that the defendant was their agent to buy the mortgage and that he " betrayed his trust and made them pay $750 to protect themselves." On appeal by the defendant to the Appellate Division, the judgment was reversed on the law and facts and the complaint dismissed. It was there held

" that the oral contract was void under the Statute of Frauds, was unilateral, without consideration, and, therefore, void; and * * * that whatever oral arrangements had been made were merged in the written contract." (249 App. Div. 913.) The plaintiffs bring these rulings here for review.

It is the conception of the defendant that the first transaction was on his part at most " an agreement to agree " to sell the mortgage to the plaintiffs. It is on this basis that he invokes the Statute of Frauds relating to personal property. (Pers. Prop. Law [Cons. Laws, ch. 41], § 85.) But that was not the only admissible view. The jury were not unwarranted in finding that the defendant manifested only the intention to act as agent for the plaintiffs. On that finding, the statute was no defense. (*Stover* v. *Flack*, 41 Barb. 162; 30 N. Y. 64. Cf. *R. & L. Co.* v. *Metz*, 175 App. Div. 276; 219 N. Y. 556. See *Colt* v. *Clapp*, 127 Mass. 476, 480; *Wiger* v. *Carr*, 131 Wis. 584.)

Nor was the case against the defendant necessarily no more than his mere default on a wholly gratuitous undertaking. According to the plaintiffs' proof, it was he who insisted upon his taking control of their engagement with the mortgagee, although they protested that there was no need of his intervention. " He said it wasn't necessary to do anything, he would take care of everything for us." If the defendant entered upon such a trust, he was bound to a full execution thereof. (*Siegel* v. *Spear & Co.*, 234 N. Y. 479.)

The jury must also be taken to have found that the plaintiffs signed the subsequent writing under the compulsion of fear that otherwise they would suffer a greater detriment. On this finding that there was no binding assent by them the parol evidence rule was inapplicable. (3 Williston on Contracts [Rev. ed.], § 634. See *Kilpatrick* v. *Germania Life Ins. Co.*, 183 N. Y. 163, and the cases there cited.)

The foregoing considerations dispose of the questions presented. If the case involves anything else, it has not been raised.

The judgments should be reversed and a new trial granted, with costs to abide the event.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, FINCH and RIPPEY, JJ., concur.

Judgments reversed, etc.