ANNA GRECO and LOUIS GRECO, Respondents, *v.* FANNIE LEVY, Defendant, Impleaded with ALBERT L. LEVY, Appellant.

First Department, June 2, 1939.

*Alexander E. Rosenthal* of counsel [*Bernard Kelly* with him on the brief; *Irving Segal*, attorney], for the appellant.

*Eli N. Lesser* of counsel [*S. C. Stember* with him on the brief; *Laurence B. Sargent*, attorney], for the respondents.

UNTERMYER, J. The plaintiff Anna Greco and her husband maintain this action for injuries suffered by the wife in a multiple dwelling located at 505 East One Hundred and Seventeenth street, in the city of New York, then owned by the defendant Fannie Levy. The owner of the premises died after the institution of the action, which abated as to her. The action continued against Albert L. Levy, her son, who at the time of the accident was her agent in the renting of the premises, the collection of rents and the making of ordinary repairs.

On November 27, 1934, the plaintiff Anna Greco was shown a vacant apartment by the daughter of the superintendent of the premises. She returned the following day and made a deposit on the apartment with the defendant Albert L. Levy. At that time she complained of a hole in the cement bathroom floor described as six inches in length and width, irregular in shape and from one to one and one-half inches in depth. According to Mrs. Greco, the appellant stated that " everything would be taken care of." On December 6, 1934, Mrs. Greco moved into the apartment with her family. Three days thereafter on account of failure to repair the bathroom floor, as she contends, the accident occurred out of which this action arose. It is claimed that the plaintiff's foot caught in the hole, throwing her to the floor and resulting in serious injuries.

On this state of facts the owner would have been liable on account of the failure of her agent to maintain the premises in good repair (Multiple Dwelling Law, § 78.) It is asserted that the statute imposed the same duty on the managing agent of the premises. We find nothing in the statute which renders the agent liable in tort to third persons for failure to keep the premises in repair. (*Weiner* v. *Leroco Realty Corp.*, 279 N. Y. 127.) Indeed, it would be strange if such a liability were imposed by statute on the agent, whose only authority is derived from the owner who must pay the cost of the repairs and who might not have authorized that they be made.

The principal theory on which the action is maintained against the agent, however, is that the repair of the bathroom floor was, in the present case, within the scope of his authority. It is, therefore, asserted that in failing to make the repairs the agent was derelict in the performance of his duty. But the duty which the

agent failed to execute was a duty to his principal and not a duty to the plaintiff, towards whom he had not assumed any contractual relation. (Compare *Cullings* v. *Goetz*, 256 N. Y. 287.) By failing in that duty, the agent imposed a statutory liability on his principal against whom the plaintiff could have recovered if the principal had not died.

This view accords with the established rule of law that the agent is not liable to third persons for non-feasance but only for affirmative acts of negligence or other wrong. (*Murray* v. *Usher*, 117 N. Y. 542; *Van Antwerp* v. *Linton*, 89 Hun, 417; affd., 157 N. Y. 716, on opinion below; *Greenauer* v. *Sheridan-Brennan Realty Co.*, 224 App. Div. 199.) The decision principally relied on by the plaintiff (*Mollino* v. *Ogden & Clarkson Corp.*, 243 N. Y. 450) does not require any deviation from that rule. In that case the contract under which the agent was retained constituted him, in effect, a trustee of the property for the several parties for whose benefit it was to be operated. Moreover, it gave him possession of the premises as distinguished from a mere duty to the owner to rent apartments, make repairs and collect the rents. (See *Zurich G. A. & L. Ins. Co.* v. *Watson El. Co.*, 253 N. Y. 404; *Currie* v. *International Magazine Co., Inc.*, 256 id. 106.)

The judgment should be reversed, with costs, and the complaint dismissed, with costs.

MARTIN, P. J., O'MALLEY, GLENNON and DORE, JJ., concur.

Judgment unanimously reversed, with costs, and the complaint dismissed, with costs.