KATHERINE CUNNINGHAM, as Administratrix of the Estate of MICHAEL CUNNINGHAM, Deceased, Respondent, v. MARK RAFALSKY AND COMPANY, Appellant.

First Department, May 12, 1953.

*William J. Magee* of counsel (*Galli & Locker*, attorneys), for appellant.

*Paul O'Dwyer* of counsel (*O'Dwyer, Bernstein & Preusse*, attorneys), for respondent.

*Per Curiam.* Deceased was employed by the Metropolitan Life Insurance Company as an elevator operator in a multiple dwelling owned by it. The employer carried workmen's compensation insurance, and benefits thereunder are now being paid to plaintiff. In the course of his employment deceased was injured and died after falling down a passenger elevator shaftway because of the alleged affirmative negligence of one James J. Clark, who was superintendent of the building. Plaintiff's claim is that Clark (who allegedly was employed by defendant Mark Rafalsky and Company) had made defective repairs to the elevator door through which the deceased fell to his death and legal responsibility for Clark's negligence was sought to be fastened on defendant Mark Rafalsky and Company upon the contention that Clark was Mark Rafalsky and Company's employee. Mark Rafalsky and Company was managing agent of the building.

Upon the evidence in this case, we think that at the time of the occurrence the superintendent was, as a matter of law, an employee of the owner of the building regardless of whether in other respects he might also be regarded as an employee of Mark Rafalsky and Company, the agent.

Under the managing agent agreement which existed here defendant acted for the owner, in the rental, management and administration of the building. Defendant was authorized to pay from the rent collected the ordinary and usual expenses for its operation and management, and to keep a certain percentage for its services. The balance remaining each month was turned over to the Metropolitan Life Insurance Company. All the men working in the building were employees of the owner. Clark and Cunningham, the deceased, were in identically the same position with respect to Metropolitan; each worked in the building; each was carried on the payroll of Metropolitan; each was paid out of the rents collected by the managing agent; each was covered by workmen's compensation insurance obtained by the owner for which it paid the premiums; the right of discharge as to each ultimately rested with Metropolitan. Deductions for social security were made by Metropolitan from Clark's wages, and Clark as superintendent of the building resided at the building at the time the accident occurred and for a long time prior thereto.

Clark and plaintiff's intestate were fellow employees of Metropolitan Life Insurance Company, the owner, and the accident was caused by the negligence or wrong of Clark, who was in the same employ. In the circumstances, workmen's compensation was the exclusive remedy vouchsafed to deceased's representatives. (*Williams* v. *Hartshorn,* 296 N. Y. 49; *De Giueseppe* v. *City of New York,* 273 App. Div. 1010; *Ritornato* v. *Schuth,* 278 App. Div. 996; *Mazarredo* v. *Levine,* 274 App. Div. 122; Workmen's Compensation Law, §§ 10, 11, 29, subd. 6.) The motion to dismiss the complaint should have been granted.

The judgment should accordingly be reversed and the complaint dismissed.

PECK, P. J., GLENNON, COHN, CALLAHAN and BERGAN, JJ., concur.

Judgment unanimously reversed, with costs to the appellant and judgment is directed to be entered dismissing the complaint herein, with costs.