SAMUEL HERSH, Respondent, v. HELEN R. ROEDELS et al., Individually and as Trustees under the Will of MARY LARKIN, Deceased, et al., Appellants.— In an action to recover damages for the negligent maintenance of a drop ladder

on a fire escape whereby respondent who was climbing thereon while engaged in making repairs, was precipitated to the ground, judgment modified on the law by dismissing the amended complaint as to the appellant Schoen, with costs. The judgment as so modified is reversed on the facts and new trial granted as to the other appellants, with costs to abide the event, unless within ten days after service of the order to be entered hereon, together with notice of entry thereof, respondent stipulate to reduce the judgment to $30,000, in which event the judgment as so modified and as so reduced is affirmed, without costs. Appeal from order reducing verdict dismissed, without costs. The managing agent was not liable for his nonfeasance. (*Christianson* v. *Breen*, 288 N. Y. 435; *Greco* v. *Levy*, 257 App. Div. 209, affd. 282 N. Y. 575.) In the light of all the proof and particularly the motion pictures, the amount of the judgment is excessive. Nolan, P. J., Carswell, Adel and Wenzel, JJ., concur; Schmidt, J., concurs in the modification dismissing the complaint as to appellant Schoen, but dissents as to the other appellants and votes to reverse the judgment and to dismiss the complaint as to them, with the following memorandum: I do not believe there was proof of negligence on the part of the owners (appellants Roedels and Truitt) and I do not believe there was proof of freedom of contributory negligence on the part of the respondent. There is no proof that the superintendent told the respondent how he was to get from the step ladder to the fire escape, and the inference to be drawn from the testimony is that using the step ladder he would lower the fire escape ladder to the ground and thus reach the fire escape. The proximate cause of this accident was the acrobatic effort made by the respondent to get to the fire escape platform without lowering the ladder. In doing this he was not following the superintendent's instructions and was guilty of contributory negligence as a matter of law.