RUTH GARDNER, as Administratrix of the Estate of WILLIAM J. GARDNER, JR., Deceased, Respondent, *v.* 1111 CORPORATION et al., Defendants, and BING & BING, INC., Appellant.

First Department, June 7, 1955.

*John F. X. Finn* of counsel (*C. J. Pernicone, Norman C. Mendes* and *Henry J. O'Hagan* with him on the brief; *Peter M. J. Reilly,* attorney), for respondent.

*Bernard Meyerson* and *Harry L. Barshay* of counsel (*Herman Jervis, Richards W. Hannah* and *Robert Kagan* with them on the brief; *Richards W. Hannah; Martin, Clearwater & Bell* and *Hetkin, Jervis & Hetkin,* attorneys), for appellant.

RABIN, J. This appeal involves a determination as to the liability of a managing agent of an apartment house for the death of an elevator operator who was killed in the course of his employment when an elevator tie rod broke and the compensating chain fell through the roof of the cab.

The claim here is that the accident occurred because of the failure of the defendant-appellant Bing & Bing, Inc., the managing agent, to inspect and repair the elevator. Thus, the claim is one for nonfeasance. The law is clear that where a managing agent has complete and exclusive control of the management and operation of the building — in other words where he stands in the owner's shoes so to speak — he is liable for negligence just as the owner would be and cannot be excused by claiming that he was guilty only of nonfeasance (*Mollino* v. *Ogden & Clarkson Corp.*, 243 N. Y. 450, 456). But if the defendant-appellant were not in complete and exclusive control then there would be no liability on its part since a managing agent not in complete control is not liable for mere nonfeasance (*Greco* v. *Levy*, 257 App. Div. 209, affd. 282 N. Y. 575; *Murray* v. *Usher*, 117 N. Y. 542; *Van Antwerp* v. *Linton*, 89 Hun 417, affd. 157 N. Y. 716; *Greenauer* v. *Sheridan-Brennan Realty Co.*, 224 App. Div. 199).

The lower court felt that the question of whether defendant-appellant was in complete and exclusive control was one for the jury's determination and the jury resolved that issue by returning a verdict in plaintiff's favor. We think that on the evidence in this case the question of appellant's liability must be resolved purely as a matter of law.

The written agreement between the owner and appellant empowered the latter to rent and lease; to collect rents and deposit them in an agency account subject to the owner's right to demand at any time a statement of the accounts; to institute and prosecute actions; to make necessary repairs and alterations with the limitation that any alteration of a capital nature in excess of $2,500 would require the owner's approval; to supervise, hire and discharge employees, it being expressly provided, however, " that all such employees are in the employ of the Owner of the property and not of the Managing Agent ". Other powers were given to the agent which need not be detailed. It should be noted, however, that while the agreement authorized appellant to make repairs there was no specific undertaking by appellant to do so and it assumed no responsibility in that respect.

It seems obvious that this agreement did not give such complete control to the appellant so as to exclude the owner entirely. The fact that the owner reserved to itself control over the funds collected by the agent and also the right to pass upon all alterations in excess of $2,500 indicates that the agent was not put in the owner's place in the operation of the premises. The owner having reserved to itself a certain amount of control it cannot be said that the managing agent's control was absolute and complete.

Plaintiff, however, relies upon two other factors to establish that appellant had complete control. The first is that the appellant was the owner of a 10% interest in the second mortgage on the property. It is difficult to see what bearing an interest in that mortgage could have on appellant's control of the premises. There was no showing that the second mortgage was in default and that the mortgagee took control as a consequence. Appellant's powers as agent were not enlarged in the slightest degree by the fact that it owned an interest in the mortgage. The other point relied upon by plaintiff is that the owner and appellant occupied the same office space and had interlocking offices. That could in noway change the fact that the owner and appellant were separate legal entities. Nor could it serve to destroy their relationship of owner and managing agent. In *Greco* v. *Levy* (*supra*), although a son was the agent the mother alone was held to be liable as the owner.

We reach the conclusion that the defendant-appellant Bing & Bing, Inc., as a matter of law was not in exclusive control of the premises so as to make it liable for nonfeasance. The owner having reserved some control, the ultimate obligation for inspecting and repairing remained with it, and in that respect it alone would be responsible for negligence.

But even if it be assumed that plaintiff is correct in her claim that the appellant was in control to the complete exclusion of the owner, then decedent must be considered an employee of appellant. For if the owner had been divorced of all control of the premises then necessarily the elevator operator was completely under the direction and control of Bing & Bing, Inc. In such circumstances the decedent although being generally employed by the owner could be considered a special employee of the appellant (*Wyllie* v. *Palmer,* 137 N. Y. 248; *Matter of De Noyer* v. *Cavanaugh,* 221 N. Y. 273) and could only recover under the workmen's compensation policy which covered Bing & Bing, Inc.

One other point raised by plaintiff requires comment. It is urged that under section 4 of the Multiple Dwelling Law the managing agent as well as the owner is liable for failure to repair. The same argument was raised and rejected in *Cunningham* v. *Rafalsky & Co.* (281 App. Div. 609, affd. 306 N. Y. 712).

The judgment in favor of the plaintiff should be reversed and the complaint dismissed.

PECK, P. J., CALLAHAN, BREITEL and BASTOW, JJ., concur.

Judgment unanimously reversed, with costs to the appellant, and judgment is directed to be entered in favor of the defendant-appellant dismissing the complaint herein, with costs.