Harold J. Hughes, J.
There are two motions before the court, one by a third-party defendant, Eastern Federation of Feed Merchants, Inc., hereinafter the Federation, to dismiss the third-party complaint for failure to state a cause of action, and the other by a third-party defendant, Howard.J. Benson, to dismiss *29 the third-party complaint on the ground that the court has no jurisdiction over his person and that the complaint fails to state a cause of action as to him.
The court will first treat the motion by the Federation. The complaint in the main action of Lutz Feed Company, Inc., against Audet & Company, Inc. and Audet’s agents, sets forth two causes of action, one in negligence, the other for breach of contract. In substance, it alleges that the defendants, general insurance agents, contracted with the plaintiff to secure and continue in effect a contract of insurance insuring plaintiff against certain risks including workmen’s compensation claims; that defendants breached their contract with plaintiff and were negligent in that the insurance policy which had been secured expired on June 30, 1969 and defendants failed to apprise plaintiff of the expiration and, as a result thereof, plaintiff was subsequently obligated to pay a claim of an injured employee to its damage in the amount of $10,000.
The amended third-party complaint alleges that the third-party defendants in the latter part of 1967 or 1968 organized a group program for workmen’s compensation insurance for members of the Federation; that the third-party defendants, the Federation and its executive director, Benson, requested Audet & Company to secure workmen’s compensation insurance coverage for the Federation and certain members including the plaintiff, and that the third-party defendants submitted applications made by plaintiff and other members of the Federation for said insurance to the International Insurance Company which issued workmen’s compensation insurance to plaintiff and certain members of the Federation for the policy period July 1, 1968 to June 30, 1969. It is further alleged that the third-party defendants acted for plaintiff in any dealings plaintiff had with the third-party plaintiffs; that the third-party defendants knew in June, 1969 that International Insurance Company would not renew its policies, and that the third-party defendants negligently failed to advise plaintiff that its insurance policy would not be renewed; and that if the third-party plaintiffs were negligent or breached their contract with plaintiff, then the third-party defendants were negligent and such negligence was a contributing proximate cause of plaintiff’s damage. Thus, it is prayed that if plaintiff recovers judgment against the defendants, or any one of them, then the defendants should have judgment against third-party defendants for all or any part of such judgment.
As the court construes the third-party complaint, the third-party defendants are alleged to be joint tort-feasors with the
*30 third-party plaintiffs; it is alleged that the third-party defendants were agents of the plaintiff and owed it a certain duty which they negligently failed to perform. The factual issue of whether any of the parties involved owed a duty to the plaintiff is, of course, not before the court. But, as a matter of pleading, both the complaint and the amended third-party complaint clearly allege that a duty was owed to the plaintiff and that the respective defendants and third-party defendants failed to perform that duty. Two independent agents acting for a principal in the same matter may, of course, be held to be concurrently negligent. In such case, the principal may recover against both agents (see Brown v. Poritzky, 30 N Y 2d 289). Since the respective third-party plaintiffs and third-party defendants are deemed to be joint tort-feasors, it follows under Dole v. Dow Chem. Co. (30 N Y 2d 143) that the third-party complaint states a cause of action. As pointed out by Professor David D. Siegel, “Dole itself contemplates the use of the impleader device (third-party practice in the official parlance of CPLR 1007) to bring in the unjoined tort-feasor. That would be appropriate, of course, only where the other is not already in the action, i.e., where P has elected not to join as original defendants all of those colorably responsible for the accident or any part of it. * * * The gist of Dole, of course, is that this impleader may take place regardless of the ‘ active ’ or ‘ passive ’ status of the tortfeasors under the old criteria. The old criteria are abandoned in Dole.” (Supplementary Practice Commentary by David D. Siegel, McKinney’s Cons. Laws of N. Y., Book 7B, CPLR 3019, 1972-1973 Annual Pocket Part, p. 209).
The third-party action is not necessarily “substitutional” as third-party defendants argue. A jury could find both third-party plaintiffs and third-party defendants concurrently liable and it is this possibility which makes Dole applicable. This is not a case, as third-party defendants suggest, where as a matter of law the third-party plaintiffs are basing their claim over against the third-party defendants upon a version of the facts which, if true, would defeat any recovery by the original plaintiffs against the third-party plaintiffs.
As to the argument that the Statute of Limitations has run against the third-party defendants, the impleader action is brought bef ore the Statute of Limitations on it has even started to run and would not begin to run until after the third-party plaintiffs have actually paid a judgment obtained by the plaintiff (see Supplementary Practice Commentary by David D. Siegel, McKinney’s Cons. Laws of N. Y., Book 7B, CPLR 3019, *31 1972-1973 Annual Pocket Part, pp. 229-230). For the foregoing reasons, the motion of the third-party defendant Federation to dismiss the third-party complaint for failure to state a cause of action must he denied.
The assertion by the third-party defendant Benson that the complaint must be dismissed on the ground that the court has no jurisdiction over him is without merit. At the time of the alleged tort, Mr. Benson, as an officer of a New York corporation, was certainly transacting business in the State (CPLR 302, subd. [a], par. 1); moreover, according to the documentary evidence submitted in opposition to the motion, the alleged tortious act was committed within the State (CPLR 302, subd. [a], par. 2). However, Mr. Benson’s motion to dismiss the third-party complaint as against him for failure to state a cause of action must be granted.
The rule is that corporate officers or agents are personally liable for those torts they personally commit or participate in even though performed in the name of an artificial body, but that corporate officers are not liable for nonfeasance; they are liable only for misfeasance or malfeasance. (See Michaels v. Lispenard Holding Gorp., 11 A D 2d 12; 12 N. Y. Jur., Corporations, § 810.) The charges against the third-party defendant Benson are charges of nonfeasance. Moreover, Benson had no independent duty owing to the plaintiff; his breach of duty, if any, was a breach of duty owing by him to his principal only.
The motion of the defendant Federation to dismiss the third-party complaint for failure to state a cause of action is denied, without costs; the motion of the defendant Benson to dismiss the third-party complaint for failure to state a cause of action as to him is granted, without costs.
The request of the third-party plaintiffs for leave to plead again is at this time denied, but without prejudice to a renewal thereof upon submission of sufficient evidence to satisfy the court that there is a good ground to support any cause of action asserted against the third-party defendant Benson (see CPLR 3211, subd. [e]).