KENNETH L. JONES, Respondent, *v.* NATE ARCHIBALD, Defendant; ALL-PRO REPS, INC., Appellant.

Fourth Department, October 24, 1974.

*Jerry A. Davis* for appellant.

*Donald M. Silverberg* for respondent.

GOLDMAN, J. , Defendant, All-Pro Reps, Inc., (All-Pro), appeals from a denial of its motion to dismiss the complaint for failure to state a cause of action. (CPLR 3211, subd. [a], par. 7.) The issue revolves around the liability of an agent of a professional athlete for damages resulting from the failure of the principal to make a promised appearance at plaintiff's basketball camp.

All-Pro is engaged in the business of representing professional athletes in their contractual dealings and in providing financial management services to athletes. Plaintiff contacted defendant Archibald, not a party to this appeal, to make a one-day appearance at plaintiff's boys' camp and was told by Archibald to contact appellant. All-Pro informed plaintiff that Archibald would appear at the camp on August 15, 1973. A timely payment of the agreed compensation was made by plaintiff, pursuant to a series of correspondence. On August 10, five days before the scheduled appearance, All-Pro, which had been notified by Archibald on the night of August 9 that circumstances prevented him from making the appearance, sent this information by mail to the plaintiff and refunded the consideration paid by plaintiff. This letter was received by plaintiff on August 14.

The complaint alleges that All-Pro was Archibald's authorized agent in the transaction, that Archibald willfully breached the contract, that All-Pro knew or should have known that Archibald would not appear, that All-Pro knew or should have known that its method of communicating to plaintiff that Archibald would not appear would not allow sufficient time to secure a replacement and that as a result plaintiff was damaged in the amount of $200,000. The complaint also demanded an additional $100,000 as punitive damages against each defendant for willful breach of the contract. All-Pro's answer was a general denial. In holding that a cause of action was stated, Special Term said that All-Pro " breached its duty to supply to the plaintiff a replacement of a person of equal stature and reputation as Nate Archibald and to give timely notice of the non-appearance of Nate Archibald and that the plaintiff was dam-

aged by loss of reputation among other camps and the general public ''.

·In examining the correctness of Special Term's refusal to dismiss the complaint we must, of course, give the plaintiff '' the benefit of everything that may be drawn from the complaint by reasonable and fair intendment '' (*Westhill Exports* v. *Pope*, 12 N Y 2d 491, 496). We, therefore, accept the material allegations of fact as true (*Garvin* v. *Garvin*, 306 N. Y. 118, 120; *Vocational Guidance Manuals* v. *United Newspaper Mag. Corp.*, 280 App. Div. 593, affd. 305 N. Y. 780). Every reasonable doubt should be resolved in plaintiff's favor if from our examination of the pleadings we can discern that the plaintiff is entitled to some form of relief. So long as any cognizable course of action can be ascertained and fairly gathered from all of the averments the drastic action of dismissal should not be directed. (*Abrams* v. *Allen*, 297 N. Y. 52, 54; *Condon* v. *Associated Hosp. Serv. of N. Y.*, 287 N. Y. 411, 414; *Foley* v. *D'Agostino,* 21 A D 2d 60; Siegel, New York Practice Coverage, 38 St. John's L. Rev. 190, 205; McKinney's Cons. Laws of N. Y., Book 7 B, CPLR Practice Commentaries, 3211:24.) Applying these principles, we find no legally cognizable cause of action against All-Pro and the complaint should be dismissed.

Upon the facts alleged in the complaint liability cannot be found against All-Pro on the theory of contract. Where there is a disclosed principal-agency relationship, as in the instant case, the agent is not personally bound '' unless there is clear and explicit evidence of the agent's intention to substitute or superadd his personal liability for, or to, that of his principal '' (*Mencher* v. *Weiss*, 306 N. Y. 1, 4; *Savoy Record Co.* v. *Cardinal Export·Corp.*, 15 N Y 2d 1, 4; *Hall* v. *Lauderdale,* 46 N. Y. 70, 74). A disclosed agent who acts for another in negotiating a contract in the business interests of his principal will not be deemed to have intended to bind himself personally unless the intent to do so is manifested with reasonable clarity (*Keskal* v. *Modrakowski*, 249 N. Y. 406, 408). All of the contracts between plaintiff and All-Pro were by correspondence. Nothing contained in the record indicates any intention on All-Pro's part to assume or undertake any individual, independent responsibility or obligation.

Finding no liability in contract, we have examined the complaint to determine whether there is liability sounding in negligence, but we find none. Before All-Pro could be answerable in negligence in the relationship between the parties there would necessarily have to exist a duty owing to plaintiff from All-

Pro. The fact that an agent acts for a disclosed principal will not relieve him of liability for his negligent acts, even though the principal may also be liable. (*Berg v. Hoffman*, 275 N. Y. 132, 134; *Rhynders v. Greene*, 255 App. Div. 401, 402; 2 N. Y. Jur., Agency, § 193.) However, an agent who has undertaken no individual responsibility, nor expressly obligated himself in a contractual relationship with a third party cannot be held liable for nonfeasance only (*Greenauer v. Sheridan-Brennan Realty Co.*, 224 App. Div. 199, 202; *Lutz Feed Co. v. Audet & Co.*, 72 Misc 2d 28, 31; 2A Warren's Negligence, § 3.03, pp. 50–55). There must be affirmative acts of negligence or wrong-doing (*Greco v. Levy*, 257 App. Div. 209, 211, affd. 282 N. Y. 575). Also, see, *Christianson v. Breen* (288 N. Y. 435); *Gardner v. 1111 Corp.* (286 App. Div. 110, affd. 1 N Y 2d 758); *Hersh v. Roedels* (282 App. Div. 731, affd. 306 N. Y. 769). Unless the agent has assumed authority and responsibility, as if he were acting on his own account, then the duty which the agent fails to perform is a duty owing only to his principal and not to the third party to whom he has assumed no obligation (*Michaels v. Lispenard Holding Corp.*, 11 A D 2d 12, 14).

The plaintiff may well have relied on the agent's performance of duties he undertook to perform for his principal, to wit, the scheduling of the personal appearance of the principal. Only if New York recognized, which it does not, the theory of reliance recommended in sections 352 and 354 of the Restatement of Agency 2d, would the complaint possibly spell out a cause of action, on the theory that it may infer on the part of the plaintiff a reliance on the agent. (Cf. *Anderson v. Radio Corp. of Amer.*, 29 Misc 2d 611.) Section 352 provides that "an agent is not liable for harm to a person other than his principal because of his failure adequately to perform his duties to his principal, unless physical harm results from reliance upon performance of the duties by the agent". This reliance theory is expanded in section 354 which casts liability on the agent for "negligent failure after undertaking protection of others". Even if one applied the doctrine of reliance, this complaint would have difficulty surviving a motion to dismiss. The plaintiff, of course, still has his cause of action against the principal.

The order should be reversed and the complaint dismissed.

MOULE, CARDAMONE, SIMONS and MAHONEY, JJ., concur.

Order unanimously reversed with costs, motion granted and complaint dismissed.