■ Doris Lennon, Respondent, v Oakhurst Gardens Corporation, Respondent, and Platzner Management, Inc., Appellant. [645 NYS2d 652] —Cardona, P. J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Burrows, J.), entered August 8, 1995 in Westchester County, which denied a

motion by defendant Platzner Management, Inc. for summary judgment dismissing the complaint.

In 1992, defendant Platzner Management, Inc. contracted with defendant Oakhurst Gardens Corporation to manage an apartment complex owned by Oakhurst. In January 1994, plaintiff, a resident of the complex, allegedly slipped and fell while she was exiting her building. According to plaintiff, when proceeding toward the parking lot she was forced to walk through a large puddle of water that had accumulated near the rear door of the building and fell. Plaintiff claims that defendants were negligent in, *inter alia*, permitting the accumulation of ice which was then covered by water causing a slippery and hazardous condition. After answering, Platzner moved for summary judgment on the grounds that, *inter alia*, it was serving as an agent for a disclosed principal and that it had not contracted to provide caretaking services of the grounds. Supreme Court denied the motion and Platzner appeals.

We reverse. Upon the facts alleged in the complaint, plaintiff was asserting a claim based on nonfeasance and, as a general rule, an agent is liable to third persons only for affirmative acts of negligence (*see, Jones v Archibald*, 45 AD2d 532, 535; *Greco v Levy*, 257 App Div 209, *affd* 282 NY 575). It is true that a managing agent of a building may nevertheless be subject to liability for nonfeasance where it has complete and exclusive control of the management and operation of the building (*see, Ioannidou v Kingswood Mgt. Corp.*, 203 AD2d 248; *see also, Mollino v Ogden & Clarkson Corp.*, 243 NY 450). Here, however, the written agreement reveals that Platzner (the agent) did not have control of the property to the exclusion of Oakhurst (the owner) and that Oakhurst reserved to itself a certain amount of control in the agreement. For instance, although the agreement stated that Platzner was responsible to "cause the common elements of the Property to be maintained", it was required to do so "[s]ubject to the direction" of Oakhurst's board of directors. In addition, while Platzner was responsible for hiring employees to maintain the property, the contract provided that "[a]ll such personnel shall be employees of [Oakhurst] and not of [Platzner]". The contract also prohibited Platzner from making any unbudgeted expenditures exceeding $5,000 without Oakhurst's prior consent, except under emergency conditions. Given these contractual provisions, Platzner lacked the requisite exclusive control over the property necessary to be liable for nonfeasance (*see, Ioannidou v Kingswood Mgt. Corp., supra*; *Gardner v 1111 Corp.*, 286 App

Div 110, *affd* 1 NY2d 758). Oakhurst, "having reserved some control, the ultimate obligation for inspecting and repairing remained with it, and in that respect it alone would be responsible for negligence" (*Gardner v 1111 Corp., supra,* at 113).

Plaintiff and Oakhurst, in opposing Platzner's motion, did not submit any evidence that Platzner actually exercised complete or exclusive control of the property. The affidavit of Oakhurst's president states only in conclusory fashion that the parties' contract should "be disregarded because [it] reflect[s] neither the actual agreement between the parties nor the parties' conduct". No evidence was presented to support that assertion. Plaintiff cites portions of the contract detailing Platzner's duties. However, as noted, the provisions do not give Platzner the requisite exclusive control over the property. The evidence offered by both Oakhurst and plaintiff consists of conclusions and unsubstantiated allegations (*see, Zuckerman v City of New York,* 49 NY2d 557, 562) and are insufficient to raise an issue of fact on the issue of Platzner's exercise of control over the property (*see, Keo v Kimball Brooklands Corp.,* 189 AD2d 679; *Jones v Park Realty,* 168 AD2d 945, *affd* 79 NY2d 795). There is nothing in the record to show that Platzner assumed authority or responsibility, "as if [it was] acting on [its] own account" (*Jones v Archibald,* 45 AD2d 532, 535, *supra*). Therefore, summary judgment should be granted.

Mikoll, Mercure, White and Spain, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion of defendant Platzner Management, Inc. granted, summary judgment awarded to said defendant and complaint dismissed against it.