■ MARIA NEWMAN, Respondent, v UPTON, COHEN & SLAMOWITZ, Appellant. [781 NYS2d 508]—

Order, Supreme Court, Bronx County (Janice Bowman, J.), entered on or about February 26, 2003, which granted plaintiff's motion for partial summary judgment as to liability and denied defendant's cross motion to dismiss the complaint, unanimously reversed, on the law, without costs, plaintiff's motion denied,

defendant's cross motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

The allegations of the complaint, accepted as true, do not form the basis for a viable cause of action against defendant. Empire Portfolios, Inc. (Empire) purchased a portfolio of delinquent debt, which erroneously included plaintiff's account despite plaintiff's prior settlement of the debt. Empire then retained defendant law firm to collect the debt it believed was due, and defendant proceeded with the debt collection process, ultimately obtaining a default judgment on Empire's behalf against plaintiff on November 13, 2001. Once defendant was informed of the error, it consented to vacate the judgment and provided plaintiff with a letter to credit reporting agencies stating that the judgment had been entered in error.

Yet, plaintiff thereafter commenced this action against defendant law firm seeking $250,000 in damages, based solely upon the allegation that defendant had entered a judgment, in error, against plaintiff in the amount of $5,534.94. Other than a conclusory statement in her notice of motion that "the above entitled action sounds in tort," there are no particular assertions as to the nature of plaintiff's cause of action.

An attorney is not liable to third parties for negligence absent circumstances giving rise to a duty of care (see Crandall v Bernard, Overton & Russell, 133 AD2d 878 [1987], lv dismissed, lv denied 70 NY2d 940 [1988]). As a disclosed agent for its client, defendant is liable to third persons only for affirmative acts of negligence (see Jones v Archibald, 45 AD2d 532, 535 [1974]; Greco v Levy, 257 App Div 209 [1939], affd 282 NY 575 [1939]). However, plaintiff does not plead circumstances that would demonstrate either that defendant owed her a duty or that it was affirmatively negligent. Indeed, she did not dispute that prior to commencing the action defendant sent her a collection letter and that she did not dispute the debt, nor did she deny being served in the underlying action or explain why she allowed the default judgment to be entered without protest. Thus, she has not pleaded or proven a viable negligence claim.

Nor did plaintiff identify any cognizable intentional tort cause of action, or attribute any malice or improper motive to defendant's conduct. Indeed, nowhere does plaintiff claim that defendant knowingly commenced a meritless action.

Accordingly, plaintiff was not entitled to summary judgment and defendant's motion to dismiss should have been granted (see Bardi v Farmers Fire Ins. Co., 260 AD2d 783 [1999], lv denied 93 NY2d 815 [1999]). Concur—Tom, J.P., Saxe, Ellerin, Marlow and Catterson, JJ.