██ Mark Robert Gordon, Appellant, v ROL Realty Company et al., Respondents. [55 NYS3d 165]—

Order, Supreme Court, New York County (Donna M. Mills, J.), entered July 31, 2014, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss plaintiff's claims for personal injury due to toxic mold, personal injury due to an exploding light bulb, property damage, and breach of contract, unanimously modified, on the law, to reinstate as against defendant owner plaintiff's claim for personal injury due to toxic mold and plaintiff's claim for property damage (to the extent set forth in this decision), and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered April 20, 2015, which denied plaintiff leave to renew and reargue, unanimously dismissed, without costs, as academic.

The motion court erred in dismissing plaintiff's claim for personal injury due to toxic mold. Plaintiff sufficiently pleaded that, after August 2010 (within three years of commencing this action), he suffered from "new" symptoms and injuries, including, among other things, eczema and significant fungal growth on his tongue and throat. Accordingly, defendants failed to make a prima facie showing that this claim is time-barred (*Benn v Benn*, 82 AD3d 548, 548 [1st Dept 2011]). While there are factual questions as to whether the sinus infections and related symptoms suffered prior to August 2010 were "qualitatively different" from plaintiff's injuries after August 2010 (*Suffolk County Water Auth. v Dow Chem. Co.*, 121 AD3d 50, 60 [2d Dept 2014] [internal quotation marks omitted]), at this procedural juncture it would be improper to dismiss the claim. In addition, defendants have not met their burden of showing that the stipulation of settlement entered in a different action served as a waiver and release of plaintiff's claim.

Plaintiff's claim for damage to his photocopier, art poster, antique furniture, and television is time-barred, since the damage to these items occurred more than three years prior to service of the complaint, and the prior dismissal of the claims

without prejudice did not toll the statute of limitations (see CPLR 214 [4]; 205 [a]). Plaintiff failed to adequately allege when the printer and fax machine were damaged, and thus those claims were properly dismissed (see CPLR 3013). Plaintiff's claims for damage to his bed mattress, box spring, futon mattress, cushioned furniture, clothing, theater costume, theater prop items, books, documents, clothing wardrobe, linens, and draperies were properly pleaded and timely, since the damage to these items occurred in fall 2010 and spring 2011, within the three-year statute of limitations.

The motion court correctly dismissed the personal injury claim for the alleged exploding light bulb. Plaintiff failed to adequately plead that defendant owner had notice of the condition or the need for repair prior to the date of the incident (Litwack v Plaza Realty Invs., Inc., 11 NY3d 820, 821 [2008]).

Plaintiff failed to adequately plead his breach of contract claim, as he did not assert that there was any consideration for defendants' alleged agreement to remove and reinstall the air conditioners (see Matter of Civil Serv. Empls. Assn., Inc. v Baldwin Union Free School Dist., 84 AD3d 1232, 1233-1234 [2d Dept 2011]), or that defendants had agreed that they would remove the air conditioners upon his vacatur of the apartment.

The motion court correctly dismissed the claims as against defendant managing agent and the individual defendant. Plaintiff did not plead that the managing agent took on any individual responsibility toward plaintiff or committed any "affirmative acts" of negligence or wrongdoing (Newman v Upton, Cohen & Slamowitz, 10 AD3d 491, 492 [1st Dept 2004]; Jones v Archibald, 45 AD2d 532, 535 [4th Dept 1974]). In addition, the individual defendant was improperly sued in his capacity as a member or manager of an LLC (Limited Liability Company Law §§ 609 [a]; 610). Concur—Sweeny, J.P., Richter, Andrias, Feinman and Kahn, JJ.